TUCKER *v.* THE STATE.

HOLDEN, J. 1. The motion for a continuance was addressed to the sound legal discretion of the court, and in overruling the motion no abuse of such discretion appears.

2. There was no error in excluding the declarations of the defendant after the homicide, offered as a part of the res gestæ, as the circumstances do not show that they were free from suspicion of device or afterthought.

3. On cross-examination of a witness for the State, after such witness had testified that he had been a whipping-boss at the prison farm in Milledgeville, there was no error in refusing to allow the defendant to prove by such witness that while such "whipping-boss" he whipped a named person.

4. Where testimony is offered by one party and admitted by the court, the opposite party can not complain of the admission of such testimony where it appears that he objected thereto without stating to the court any ground upon which the objection was made. *Smith* v. *Pilcher,* 130 *Ga.* 350 (4), 356.

5. As the court instructed the jury concerning the weight which might be given the prisoner's statement, it was not cause for new trial that the court gave the following charge: "Your aim as jurors should be to administer the law correctly, impartially, fearlessly and uprightly, by

finding that verdict which you honestly and conscientiously believe to be the true verdict under the law and under the evidence," and similar charges, without at the time stating that the jury might consider the statement of the defendant as well as the evidence, there being no written request for a charge on this subject. *Brantley* v. *State*, 133 *Ga.* 264 (65 S. E. 426).

6. The following charge: "If the circumstances of the killing showed justification, then the proof of express malice would not make it murder," was not hurtful to the accused, and therefore was not cause for a new trial.

7. Upon the trial of one charged with murder, there was no error in charging: "Legal malice is the intent unlawfully to take human life in cases where the law neither mitigates nor justifies the killing." *Long* v. *State*, 127 *Ga.* 350, 354 (56 S. E. 444); *Taylor* v. *State*, 105 *Ga.* 746, (31 S. E. 764); *Bailey* v. *State*, 70 *Ga.* 617.

8. The evidence supported the verdict, and there was no error in refusing a new trial.            *Judgment affirmed. All the Justices concur.*

Submitted October 18,—Decided November 18, 1909.

Indictment for murder. Before Judge Martin. Telfair superior court. July 22, 1909.

*H. D. D. Twiggs, L. C. Harrell,* and *Eschol Graham,* for plaintiff in error. *John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.