## 67059. HACK v. THE STATE.

DEEN, Presiding Judge.

John Tracy Hack was indicted on one count of burglary and two counts of criminal damage to property in the second degree. He was found guilty of burglary, criminal damage to property on Count 2 and interference with government property on Count 3.

1. It was not error for the trial court to deny appellant's motion for a directed verdict of acquittal on the burglary count. His sole complaint goes to identification testimony given by the witness Poteet. The witness testified that he observed the defendant briefly from a distance of six to eight feet with a light shining on him before chasing him 100-200 yards into the woods. Shortly thereafter, Poteet described the burglar to the police as wearing a white T-shirt with blue stripes, gave a physical description similar to the defendant's and reported that the burglar had a bulge in his right rear pocket which he believed to be a gun or a knife. When Hack was apprehended, he was wearing a white T-shirt with orange stripes; he had fresh scratches on his arms; his pants were damp; he was perspiring, and a knife contained in a sheath was discovered in his right rear pocket. Contrary to appellant's assertion, the erroneous description of the color of Hack's T-shirt is not a sufficient basis for the grant of a directed verdict of acquittal; it only affects the credibility of the witness. The defendant contended that Poteet knew him, but did not name him to the police. The witness testified only that he had seen the defendant around the apartment complex at some unspecified time in the past and this testimony would also only reflect on his credibility as a witness as to whether he should have told the police that he recognized the defendant and named him as the burglar to the police.

When apprehended, Hack was talking to some residents of the apartment complex. The officer asked them how long he had been

talking to them and Hack replied he had been there for 10-15 minutes. When the residents were asked to verify Hack's statement, they stated he had only been there for 2-3 minutes. Considering the totality of the evidence, the trial court did not err in denying the motion for a directed verdict of acquittal on the burglary count.

2. As the defendant admits he was present when the police officer questioned the apartment residents as to the length of time the defendant was talking to them, the officer's testimony was not inadmissible as hearsay. *Johnson v. State,* 133 Ga. App. 394 (211 SE2d 20) (1974); *Brackett v. State,* 142 Ga. App. 578 (236 SE2d 538) (1977). Even if the defendant had not been present, this testimony was admissible to explain the officer's subsequent actions. OCGA § 24-3-2 (Code Ann. § 38-302).

3. Appellant contends the trial court erred in failing to grant a directed verdict as to the third count of the indictment and in instructing the jury on the interference with government property.

The indictment names the offense in Count 3 as "criminal damage to property in the second degree" and tracks OCGA § 16-7-23 (Code Ann. § 26-1502) by alleging that Hack ". . . did intentionally damage a certain 1982 Ford automobile, the property of the Clayton County Board of Commissioners in excess of $100." The evidence showed that the state proved only $2.00 in damages to the police car. The state claims that while it failed to prove the offense of criminal damage to property in the second degree, it proved a violation of OCGA § 16-7-24(a) (Code Ann. § 26-2613 (a)), interference with governmental property, which provides: "A person commits the offense of interference with government property when he destroys, damages, or defaces government property."

A defendant cannot be tried on a charge that is not made in the indictment against him. *Walker v. State,* 146 Ga. App. 237, 242 (246 SE2d 206) (1978); Stirone v. United States, 361 U. S. 212 (80 SC 270, 4 LE2d 252) (1960). Indictments are not amendable to conform to the evidence. *Tuggle v. State,* 145 Ga. App. 603, 605 (244 SE2d 131) (1978); *Gentry v. State,* 63 Ga. App. 275 (11 SE2d 39) (1940). Under OCGA § 16-1-6 (Code Ann. § 26-505) a conviction is permitted on a lesser included offense to the crime charged in the indictment or accusation.

Interference with government property, however, is not a lesser included offense of criminal damage to property in the second degree. *Porter v. State,* 163 Ga. App. 511, 513 (295 SE2d 179) (1982). We, therefore, find the court erred in permitting the jury to return a verdict of guilty to a crime which was not a lesser included offense and similarly erred in failing to grant appellant's motion for a directed verdict of acquittal on the third count of the indictment. Accordingly,

appellant's conviction on Count 3 is reversed.

4. The trial court did not impermissibly permit the defendant's character to be placed in issue. In response to a question as to whether he had seen the defendant after his arrest, Poteet testified that he thought he saw him near the laundry room about one week prior to trial and was surprised because he presumed he was in jail. As a result, the witness called the defendant's wife and was informed Hack was in jail. Hack's wife testified that the defendant was arrested on August 9th and released on the 10th, was rearrested the same day, appeared at a probation revocation hearing and sent to the Jackson Diagnostic Center. This testimony was apparently elicited by counsel to prove that Hack was wearing a white T-shirt with orange stripes and not with blue stripes as contended by the witness Poteet, but the jury was never informed by defense counsel that it was offered for any limited purpose. Defense counsel wanted the state to stipulate that the defendant was in jail at the time Poteet believed that he saw him and the state would not agree. As a result, defense counsel called Officer Tuggle who testified that the defendant was in his custody on the date in question. Defense counsel then tried to restrict the officer's testimony on cross-examination and the court overruled his objection. We find no error as the defendant opened the door to testimony about a prior conviction when counsel elicited questions from his wife about his probation revocation. The state was entitled to a thorough and sifting cross-examination of the witness. OCGA § 24-9-64 (Code Ann. § 38-1705); *Frady v. State,* 212 Ga. 84 (90 SE2d 664) (1955). See also *Crawford v. State,* 154 Ga. App. 362 (268 SE2d 414) (1980) for a discussion of the trial court's discretion in controlling cross-examination. Moreover, when the defendant took the witness stand on his own behalf, he volunteered information as to his probation on cross-examination and no objection to this testimony was raised. Any damage done to the defendant was done by the earlier testimony of his wife.

5. Appellant's contention that the trial court erred in failing to give the jury his requested instruction "the fact the defendant is a probationer is not a proper fact for your consideration" is without merit. The only references to defendant's probationer status were made by the defendant and his wife. Moreover, their testimony indicated that his probation had been revoked and he was in fact incarcerated at the Jackson Diagnostic Center. As this issue was not raised by the state, but rather by the defendant and his witness, we fail to see why curative instructions would be required. Moreover, it would have been improper to give such a charge as it was not adjusted to the evidence.

6. The defendant contends that he was illegally arrested, that

he had the right to resist and, as this resistance was self-defense, the trial court erred in failing to give his requested charges on these issues.

The evidence showed that the defendant was arrested after being identified by Poteet and was taken to a police car where he was searched and a knife removed from his person. He was then placed in the back seat of the car and driven back to the apartment complex where he attempted to escape by kicking the door. He sprung the door and had to be placed in a second police car where he continued his attempt to escape and damaged the vehicle.

A police officer may arrest without a warrant anyone whom he reasonably suspects has committed a felony. *Elders v. State,* 149 Ga. App. 139 (253 SE2d 817) (1979); *Richardson v. State,* 113 Ga. App. 163 (147 SE2d 653) (1966). It is undisputed that one has the right to resist an unlawful arrest, but the evidence here showed that he was not resisting arrest but attempting to escape from the police car. Under OCGA § 16-3-21 (a) (Code Ann. § 26-902) self-defense is defined: "A person is justified in threatening or using force against another when and to the extent he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force . . ." Here the defendant was not using force against another person and his resistance did not occur until some time after his alleged unlawful arrest.

7. Appellant's enumeration of error alleging juror misconduct is not valid. After deliberations began, a juror stated to the court that she was ill and wished to be excused. She explained that she had to go to the hospital the previous night for problems she was having with a nervous condition and felt as if she were going to faint. She wished to call a doctor or return to the emergency clinic. The court excused her over the defendant's objection and she was escorted to the hospital emergency room by personnel from the sheriff's department. The trial court authorized the substitution of an alternate juror. He was unacceptable to the defense, however, because he had not been properly sequestered and was not used. Defense counsel then moved to permit the jury to proceed with their deliberations with eleven jurors without waiving his motion for a mistrial alleging juror misconduct (claiming that he believed peer pressure on the excused juror caused her to become ill because she was holding out for acquittal of his client). Counsel's assumptions are mere speculation and without one shred of evidence to support them other than the fact that the jury had taken a vote before the juror was excused.

The trial court has the authority to substitute an alternate juror for one who dies, becomes ill, or for other good cause shown. OCGA § 15-12-172 (Code Ann. § 59-905). *Tanner v. State,* 242 Ga. 437 (249

SE2d 238) (1978). We find no evidence that the trial court abused its discretion in excusing the juror and appellant cannot now complain of trial by eleven jurors after he made a motion to allow the jury to continue its deliberations.

8. Appellant contends his amended motion for a new trial should have been granted because of newly discovered convictions of the witness Poteet.

The record shows that the original motion for a new trial was denied on February 25, 1983. He filed his "amended" motion on June 20, 1983. OCGA § 5-5-40 (b) (Code Ann. § 70-301) provides that motions may be amended anytime on or before ruling thereon. Therefore, this out of term motion must be considered as an extraordinary motion for a new trial. Such motions are not favored and a stricter rule is applied to such a motion based on newly discovered evidence than to an ordinary motion for a new trial asserting that ground. *Music v. State,* 244 Ga. 832 (262 SE2d 128) (1979). The requirements for granting an extraordinary motion for a new trial are set forth in *Dick v. State,* 248 Ga. 898 (287 SE2d 11) (1982) and the motion will not be granted where the new evidence operates solely to impeach the credit of a witness. As these convictions could be introduced only to impeach Poteet's credibility, it was not error to deny the motion.

*Judgment affirmed in part and reversed in part. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 21, 1983.

*Martin L. Cowen III,* for appellant.
*Robert E. Keller, District Attorney, Keith C. Martin, Assistant District Attorney,* for appellee.