### 76986. HAYES v. THE STATE.
(375 SE2d 114)

BEASLEY, Judge.

Defendant appeals his convictions for two counts of arson in the second degree, OCGA § 16-7-61, and escape, OCGA § 16-10-52, while awaiting trial on the arson charges. He enumerates two bases for error: the trial court erred in allowing a police officer to give hearsay and opinion testimony; the trial court erred in permitting certified copies of defendant's previous convictions to be admitted into evidence.

1. The first enumeration of error concerns three different objections made while a police officer was testifying for the State. Each enumeration may properly contain only one error. OCGA § 5-6-40 states: "set out separately each error . . . ."; see *Veit v. State*, 182 Ga. App. 753, 755 (357 SE2d 113) (1987); *Hester v. Baker*, 180 Ga. App. 627, 628 (1) (349 SE2d 834) (1986); *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (275 SE2d 142) (1980). By violating the code's procedural requirements, appellant not only risks our enforcing that law and declining to consider the merits, but also by combining them leaves the culling out of the various assertions to the mercy of our perception. With this warning, we will consider in this case each error which it is apparent is complained of. *Hester*, supra.

(a) On appeal, defendant contends that the police officer's testi-

mony was inadmissible inasmuch as it constituted unsupported opinion and placed defendant's character in evidence. During the trial the first objection was that the officer's relating what the prosecution's witness told him was hearsay. Because the credibility and veracity of that witness were under attack, the State sought to show by the officer that the witness had made prior consistent statements to the investigators. The prior consistent out-of-court statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. *Richardson v. State*, 256 Ga. 746, 747 (5) (353 SE2d 342) (1987); *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431) (1986); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

(b) As to the next two portions of testimony, the interjections were merely: "Objection." After these were overruled, further explanation of the second was given, that the officer's recounting his out-of-court statement of what he thought the defendant might do was prejudicial.

Objections to the evidence must state the grounds upon which they are based. *Tucker v. State*, 133 Ga. 470 (4) (66 SE 250) (1909). Merely stating "I object" is not sufficient to constitute a legal objection. *McGahee v. State*, 133 Ga. App. 964, 966 (4) (213 SE2d 91) (1975); *Griffin v. State*, 123 Ga. App. 820 (3) (182 SE2d 498) (1971). By failing to raise the grounds for objection at the time the evidence was introduced, defendant waived his objections. *Reaves v. State*, 242 Ga. 542, 551 (6) (250 SE2d 376) (1978); *Tyner v. Sheriff*, 164 Ga. App. 360, 361 (3) (297 SE2d 114) (1982). " 'An objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is "entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error." ' " *Hart v. State*, 185 Ga. App. 141 (2) (363 SE2d 599) (1987).

2. The second enumeration of error involves objections to two separate admissions of certified copies of defendant's convictions of other crimes. This, too, should have been treated by two enumerations of error instead of commingled into one.

The first objection was addressed to admission of defendant's former conviction of escape in 1985 from the Rabun County Jail. The prosecution introduced this evidence to counter and impeach defendant's assertion that the escape of June 6, 1987, on trial, was induced because he was innocent of the arson charges and scared of going back to jail. The State sought to prove that defendant simply had and followed a penchant for escape unrelated to his guilt or innocence of the crime for which he was being held. Defendant's explanation of the reason for his escape opened the door to evidence to rebut his specific testimony. See *Whitt v. State*, 257 Ga. 8 (2) (a) (354 SE2d 116)

(1987); *Jones v. State*, 257 Ga. 753, 759 (1) (a) (363 SE2d 529) (1988); *Williams v. State*, 257 Ga. 761, 762 (4-5) (363 SE2d 535) (1988).

The second objection was to two exhibits showing defendant's convictions for thefts of two Pontiac Firebirds in February and October 1985 and burglary on the same date as the February car theft. The State introduced these exhibits after defendant volunteered the following unresponsive statements when being cross-examined: "Go ahead while he brought it up the conviction down there in Toccoa on the red Firebird . . . I got too much of this background I wish you'd get out of my background, my background ain't got nothing to do with this . . . No I did not [steal the Honda for which I am on trial for burning], if I did it I'd say just like I did on every other charge I've ever been to court with I'd come up here and say I did it and go on to prison and do my time and get out."

During his testimony in presenting his defense, Hayes had stated that "if they want to look down on me about my past I could talk about my past if that's what people wants, but I'm guilty of my past and ain't nothing I can do about that, . . ."

The State tendered the two exhibits after defendant's statements on cross-examination, showing the pleas of guilty, the three crimes involved, and the sentences. The objection that these exhibits put defendant's character in evidence and were irrelevant to the issues was overruled. On appeal the complaint is only about one of the car theft convictions, but which one is left to our guess. If the one not enumerated, and the burglary, remain in evidence, the one left for our consideration presents what may be a harmless error situation. Also, the argument on appeal is only that the evidence of the automobile theft was inadmissible because it put defendant's character in issue. Appellant does not argue that it was not relevant.

In any event, we will consider both exhibits, that is, all three crimes. The question is controlled by the law set out in *Jones v. State*, 257 Ga. 753, 754, supra. OCGA § 24-9-20 (b) is the authority for appellant's argument, but it does not end the inquiry. As the Supreme Court demonstrated in *Jones,* supra at 759, there are instances when past criminal conduct is admissible because relevant to some issue, even though defendant has not put his character in issue. That is the case here. Defendant admitted prior criminal conduct and thereby, as analyzed by the Supreme Court in *Jones'* category (b), "raised an issue which may be fully explored by the State on cross-examination." Thus the evidence was admissible under the exception provided in OCGA § 24-2-2.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 26, 1988.

W. Brek Barker, for appellant.

Michael H. Crawford, District Attorney, Leonard Geldon, Assistant District Attorney, for appellee.