A90A2340. YELVERTON v. THE STATE.
(403 SE2d 816)

SOGNIER, Chief Judge.

Raymond Yelverton was convicted of child molestation and two

counts of aggravated child molestation. He appeals.

The molestations involved acts committed by appellant on his daughter between August 1, 1984 and July 31, 1987. At trial, a woman who had dated appellant from November 1987 to February 1988 testified that appellant told her he had molested his daughter. The victim, 15 years old at the time of trial, testified at length detailing appellant's fondling of her and two incidents involving oral sex. Her brother testified to observing appellant and the victim together in a bedroom with appellant's hand down the front of the victim's blouse.

1. Appellant contends the trial court erred by admitting testimony by Flossy Smith. She testified that she lived in appellant's household for over a year, while she was 19 to 20 years old, and that in 1985 he attempted to have sexual relations with her. Smith testified that one night shortly after she had suffered a miscarriage, she awoke suddenly from sleep because appellant, who had entered her room, was touching her vagina. She testified that appellant left when she told him no. There was no evidence that Smith had given appellant reason to believe sexual contact with him would be welcomed. The evidence indicates that this incident occurred during the time the charged molestation of the victim began.

Appellant objected to this evidence at trial on the basis that appellant's conduct with an adult woman had no relevance to the charged offenses, which involved appellant's daughter when she was between the ages of nine and 13. "Evidence is relevant if it relates to the questions being tried by the jury, either directly or indirectly, tends to illustrate or explain the issue, or aids the jury in arriving at the truth." (Citations and punctuation omitted.) *Ponder v. State*, 194 Ga. App. 446, 449 (7) (390 SE2d 869) (1990). In view of the fact that appellant's daughter was legally incapable of giving consent to the charged offenses, see *Drake v. State*, 239 Ga. 232, 233 (236 SE2d 748) (1977) and that appellant's sexual contact with Smith was without her consent, as it occurred while she was asleep, see *Brown v. State*, 138 Ga. 814 (1) (76 SE 379) (1912), we find this evidence was relevant to show appellant's proclivity toward nonconsensual sexual contact. The trial court did not err by admitting it. See generally *Ponder*, supra.

Appellant also objected to this evidence based on his motion in limine in response to the State's announcement that it would submit Smith's testimony as evidence of a similar transaction. "Under well-settled principles of law, evidence of prior [transactions] is generally inadmissible unless the defendant has placed his character in issue. OCGA § 24-9-20 (b). A recognized exception to this rule is that evidence of prior independent [transactions] may be introduced to show motive, intent, plan or scheme, identity, course of conduct. [Cit.] This exception is liberally construed where sexual offenses are involved, ev-

idence of prior sexual offenses being admissible to show the defendant's lustful disposition. [Cits.] For evidence of prior [transactions] to be admissible for such purposes, two criteria must be met: (1) the defendant must be proven to have been the perpetrator of the prior [transaction], and (2) there must be sufficient similarity between the independent [transaction] and that being tried so that the proof of the former tends to prove the latter. [Cit.] Moreover, the relevance of such evidence to issues on trial must outweigh its prejudicial effect. [Cits.]" *Smith v. State*, 182 Ga. App. 740, 741 (356 SE2d 723) (1987).

The evidence adduced at trial established that appellant was the perpetrator of the similar transaction. As to the similarity between the prior incident and the charged crime, both involved nonconsensual sexual conduct related to younger females in appellant's household, vulnerable to appellant's action either because of age or sleep. The prior incident also occurred in the same time frame as the onset of the charged crimes. The fact that the prior incident involved a young woman, 19 to 20 years old, rather than another child nearer the victim's age does not necessarily render the incident dissimilar. See *Mackler v. State*, 164 Ga. App. 874, 875-876 (2) (298 SE2d 589) (1982). Therefore, we find that the trial court's admission of evidence of this prior sexual contact was not error. See *Smith*, supra at 742-743 (1).

2. Appellant contends the trial court erred by admitting into evidence a photograph taken at a nightclub, showing appellant surrounded by four adult women nude above the waist. Appellant was shown the photograph on cross-examination, identified and described it, and explained the circumstances under which the photograph was shot. The photograph was tendered by the State at the close of the trial, at which time appellant's counsel objected to admission of the photograph on the basis that "[i]t has no bearing on this case on any issue that's before the Court."

First, we note that "[a]n objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is entirely too vague and general to present any question for determination by the trial court," (punctuation omitted), *Hayes v. State*, 189 Ga. App. 39, 40 (1) (b) (375 SE2d 114) (1988), so that the overruling of such an objection does not constitute reversible error. Id. Furthermore, the photograph admitted into evidence merely depicted that which was orally described without objection to the jury. Thus, even if the admission of the photograph was error, it was rendered harmless. See *Doby v. State*, 173 Ga. App. 348, 349-350 (4) (326 SE2d 506) (1985); *Rushing v. State*, 133 Ga. App. 434, 435 (2) (211 SE2d 389) (1974).

Appellant's objection to this evidence, set forth above, clearly did not encompass his argument made for the first time on appeal that the photograph improperly placed his character into evidence. "It is

well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (Citations and punctuation omitted.) *Iglesias v. State*, 191 Ga. App. 403, 404 (381 SE2d 604) (1989).

Judgment affirmed. *McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 6, 1991 —
REHEARING DENIED MARCH 12, 1991.

*L. Clark Landrum*, for appellant.

*David E. Perry*, District Attorney, *A. Douglas Newsome, Joseph L. Chambers*, Assistant District Attorneys, for appellee.