## A93A0539. EYO v. THE STATE.
(430 SE2d 161)

McMURRAY, Presiding Judge.

Defendant Eyo appeals his conviction of the offense of simple battery. *Held*:

1. Defendant's first enumeration of error complains of the admission into evidence of certain photographs taken by the victim a short time prior to the commission of the crime of which defendant was convicted. Defendant argues that the photographs should not have been admitted into evidence because they are not a fair and accurate representation of what they purport to depict.

The victim testified that she and her husband were selling ice cream from a van outside a church on a Sunday afternoon when they were approached by defendant. Defendant, who had been selling ice cream nearby, began shouting that he had warned the victim's husband not to come to that spot again, and that that spot belonged to him. According to the victim's testimony, defendant then began driving people away from their van, telling people that they should not

buy ice cream from them. When a customer attempted to make a purchase from the victim and her husband the defendant blocked access to their van. When the customer went around to the other side of the van, defendant followed her and would not let her receive the merchandise which she had paid for. When the victim's husband handed the items which had been purchased to the victim so she could hand them to the customer, defendant pushed the victim and then struck her with his fist.

The photographs in question, designated as State's Exhibits 2, 3, 4, and 5, were taken by the victim before she was struck by defendant and the victim testified that the photographs were fair and accurate representations. The victim explained that the scenes in the photographs showed defendant talking to the victim's husband, blocking access to the van, and following the customer around the van.

Defendant's objection to the admission of the photographs was that: "I don't know what they depict. They are just the man at the scene. They don't — she's trying to introduce them, or the State is, to draw some kind of conclusion, what I don't know. I think it's irrelevant. I think their testimony is that he was at the scene and any pictures that also say he was at the scene is superfluous." Defendant's objection that the photographs were irrelevant is entirely too vague and general to present any question for determination by the trial court. *Yelverton v. State*, 199 Ga. App. 41, 43 (2) (403 SE2d 816). "Furthermore, the photograph[s] admitted into evidence merely depicted that which was orally described without objection to the jury. Thus, even if the admission of the photograph[s] was error, it was rendered harmless." *Yelverton v. State*, 199 Ga. App. 41, 43 (2), supra. The remaining issues argued by defendant in support of this enumeration of error were not raised before the trial court and therefore will not be considered for the first time on appeal. *Daniel v. State*, 260 Ga. 555, 556 (3) (397 SE2d 286); *Yelverton v. State*, 199 Ga. App. 41, 43-44 (2), supra.

2. Defendant is a native of Nigeria who has been a resident of the United States since 1977. While defendant did not know the victim prior to the incident at issue, he recognized her husband as another native of Nigeria but a member of an opposing tribe with whom his tribe had a history of animosity in their native country. Defendant's remaining enumeration of error contends that the trial court erred in refusing to allow testimony from defendant as to the conflict between their tribes in Nigeria so as to establish an element in his justification defense.

"Trial courts are vested with wide discretion in admitting evidence and will not be reversed in the absence of an abuse of discretion. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360); *Flowers v. State*, 191 Ga. App. 396, 398 (381 SE2d 768)." *Norton v. State*, 195

Ga. App. 737, 738 (395 SE2d 34). Defendant testified that he was selling ice cream from his truck outside a church after Sunday services when the victim approached and began ordering people away from his vehicle. According to the defendant's account of the events at issue, when he went to the victim's husband to complain about her behavior, the husband and then the victim began pushing and scuffling with him, and that he struck the victim only after she grabbed him in the groin area and started dragging him. After considering the conflicting accounts of the events outside the church that Sunday afternoon, we find no abuse in the trial court sustaining the State's objection to the relevance of the defendant's proffered evidence of tribal strife in Nigeria since the excluded evidence clearly failed to shed any light on the events at issue. The trial court did not err in curtailing this irrelevant and immaterial line of questioning. *Harris v. State*, 168 Ga. App. 159, 160 (2), 161 (308 SE2d 406); *Decker v. State*, 139 Ga. App. 707 (2), 708 (229 SE2d 520).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 18, 1993.

*Franklin, Moran & Boyle, Brooks S. Franklin*, for appellant.
*Paul L. Howard, Jr., Solicitor, Deborah W. Espy, Lawrence W. Daniel, Assistant Solicitors*, for appellee.