A95A2818. RAMSAY v. THE STATE.
(469 SE2d 814)

McMURRAY, Presiding Judge.

Defendant Ramsay appeals his conviction of the offense of armed robbery. *Held*:

1. Defendant's first enumeration of error raises allegations of ineffective assistance of trial counsel. " 'In order to prevail defendant must meet two tests: 1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. (Cit.)' *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987)." *Cofield v. State*, 216 Ga. App. 623, 627 (5) (455 SE2d 342).

The first argument is that trial counsel was ineffective in that counsel failed to investigate and present substantive evidence of de-

fendant's innocence by demonstrating that the actual perpetrator of the crime was another. The State's evidence was that defendant and an accomplice robbed the occupants of a convertible automobile which had stopped at a stop sign. Defendant was identified as the gunman who held a pistol to the head of the vehicle's driver while the accomplice took a wallet from a passenger.

Defendant maintains that trial counsel should have done more to develop information counsel received that the gunman was a person other than defendant. Trial counsel also received information as to the identity of the accomplice to the gunman.

In the order denying defendant's motion for new trial, the trial court states that: "[Trial counsel] knew about [K. A., the supposed gunman], as evidenced by the fact [counsel] called [K. A.'s] mother as a defense witness at trial, but could not interview him because he had left Georgia and gone to New York and [counsel] could not find him. Neither could [counsel] interview [C. C., the supposed accomplice], because his grandmother would not permit it. Both [K. A. and C. C.] were and still are minors. [Trial counsel] could not have proved [the supposed gunman and the supposed accomplice] were the robbers by putting [them] on the witness stand and extracting confessions from them, à la Perry Mason, because as shown at the motion for new trial hearings, they both would have invoked their right to remain silent. [Counsel] tried to elicit testimony from Jason Smith and Moses Chandler that [K. A. and C. C.] bragged about committing the robbery, but [counsel's] efforts were thwarted by the State's hearsay objection. [Trial counsel] did establish on cross-examination of Detective Holmes that [C. C.] was a suspect in the case, and that Jason Smith and Moses Chandler said [K. A.], and not the defendant, was the robber with the gun. The defendant has failed to show how he would have profited from further investigation by [trial counsel], or how [counsel] could have proved that it was [K. A. and C. C.] who did the robbery."

On appeal, defendant's argument continues to lack any indication of how he would have benefited from further investigation by trial counsel or how counsel could have proven that K. A. rather than defendant was the gunman. The substance of the argument in support of this enumeration of error is entirely speculation and conjecture based on an aspiration that if trial counsel had done more to keep pressure on K. A. and C. C., they would have relinquished their Fifth Amendment rights. The trial court's conclusion that trial counsel had exhausted all reasonable avenues for developing and presenting this defense theory is supported by ample evidence and is not clearly erroneous. *Hearst v. State*, 212 Ga. App. 492, 494 (441 SE2d 914).

During the trial of the case sub judice, defendant's trial counsel was subpoenaed to testify in federal court. The subpoena was served

at approximately midnight, and the next morning defendant's trial was delayed while his trial counsel appeared as a witness in the unrelated federal trial. Trial counsel's absence was in violation of the directions of the trial court which explained to the jury that the delay in defendant's trial was caused by the absence of his trial counsel. While defendant contends that he was thus abandoned by trial counsel, the trial court was authorized to conclude that there was no prejudice to defendant. No proceedings took place in the absence of trial counsel other than the trial court's explanation of the delay to the jury. The trial court also established on the record that the jury would put aside any frustrations concerning the delay and decide the case on the evidence presented at trial. We find no merit in the contention that trial counsel was ineffective because counsel was late to court one day.

Nor does the fact that trial counsel was highly stressed by giving testimony in the federal trial imply that counsel was ineffective. As noted by the trial court, all trial lawyers have personal lives which cause stress at times, but such stress does not necessarily affect their performance in court, and even if trial counsel believed counsel's performance was not at counsel's best after testifying in federal court, that does not mean counsel's performance fell to a level of ineffectiveness.

Next, defendant contends that trial counsel was ineffective in connection with a second statement given by defendant following his arrest. In his first statement defendant said that he and C. C. ran up to the victim's car and robbed them while C. C. held a gun on them. At the preliminary hearing defendant denied participating in the robbery, and afterwards trial counsel asked the investigating detective to interview defendant again. Subsequently, defendant gave a second statement saying that the robbery was committed by C. C. and K. A. Trial counsel was not present when the second statement was given and did not learn of it until during defendant's trial.

Defendant maintains that trial counsel was ineffective in urging the second interview, in not being present when it was conducted, and in failing to learn of the statement prior to trial. Yet trial counsel's suggestion of a second interview was clearly an attempt to create some doubt of defendant's guilt on the part of the detective, and trial counsel could not have been present for an interview of which counsel had no knowledge. If failing to obtain knowledge of the statement through the use of former OCGA § 17-7-210 was an oversight on the part of trial counsel, it was of no consequence since the second statement was exculpatory and consistent with defendant's statement at the preliminary hearing.

Nor was trial counsel ineffective because counsel did not have an audiotape of the preliminary hearing transcribed. Trial counsel and

counsel's staff listened to the tape and made notes. The information on the tape was thus available in preparation for trial. While defendant complains of the absence of the availability of a transcript for impeachment purposes, this is speculative and defendant has not identified any specific instances in which a transcript would have been useful at trial for this purpose.

Defendant also maintains that trial counsel failed to prepare defense witnesses, including defendant, for direct examination and cross-examination at trial, resulting in the witnesses becoming confused during their testimony. But the only factual predicate for this contention seems to be the confusion of the witnesses at trial which does not serve to rebut the uncontroverted testimony of trial counsel concerning efforts to prepare the defense witnesses for trial. This enumeration of error lacks merit.

The State's primary identification witness was the passenger in the vehicle at the time of the robbery. Defendant next contends that trial counsel was ineffective in allowing that witness to view defendant in one-on-one "showups" prior to trial. While the witness testified that she had seen defendant three or four times in the interval between the offense and trial, only two incidents can be identified from the record, both of which occurred after the witness's positive identification of defendant in a photographic lineup. One incident occurred outside the courthouse on the morning of a hearing in the case and was beyond the control of trial counsel. The other incident occurred at the preliminary hearing when trial counsel chose to have defendant present to aid counsel in the cross-examination of the witness. Such was a strategic and tactical decision within the exclusive province of trial counsel and which did not constitute ineffective representation. *Cofield v. State*, 216 Ga. App. 623, 627 (5), supra.

Another tactical decision, which defendant now claims was ineffectiveness, was the presentation of evidence which placed defendant's character in issue. This evidence revealed that at the time of the armed robbery defendant was out on bond for a misdemeanor charge and permitted the prosecution to elicit evidence that the misdemeanor was a weapons offense. Yet defendant testified that being out on bond caused him to be deterred from committing a crime. It was for trial counsel to determine whether the revelation of the misdemeanor charge was more helpful or harmful to defendant. *Hutson v. State*, 216 Ga. App. 100, 103 (10) (453 SE2d 130).

Trial counsel's failure to impeach the detective who received defendant's statements did not constitute ineffective assistance. While trial counsel had received information that the detective had acted inappropriately in other cases, such evidence did not provide a proper means of impeachment. *Haynes v. State*, 180 Ga. App. 202, 203-204 (349 SE2d 208). Nonetheless, trial counsel attempted to present such

evidence, and it was correctly excluded. There was no harm in trial counsel's failure to further investigate and develop such irrelevant evidence.

Nor was trial counsel ineffective because two bench conferences were not reported. Trial counsel testified that counsel thought that everything being said in open court was being reported and had no knowledge that the two bench conferences would not be reported.

A conviction will not be reversed on the basis of ineffective assistance of counsel unless the proper functioning of the adversarial process has been so undermined that the trial cannot be relied upon as having produced a just result. In this case, the trial court has found that defendant has been afforded effective assistance of counsel, and since that finding is not clearly erroneous, it must be upheld. *Cofield v. State*, 216 Ga. App. 623, 627 (5), supra.

2. The second, fourth, and seventh enumerations of error arise from the incident in which trial counsel was late arriving for court because counsel was testifying in federal court. Defendant maintains that he was denied his constitutional right to counsel, that the trial court erred in conducting part of the trial in the absence of both defendant and his attorney, and that the trial court's explanation to the jury concerning the reason for the delay of trial invaded his constitutional rights.

The trial court had instructed all parties to be ready to resume trial at 9:00 a.m. At 9:20 a.m., court was commenced for the purpose of permitting the trial court to explain the delay to the jury. Court was recessed and commenced again at 10:00 a.m. to permit the trial court to check on the comfort of the jury. Both of these sessions were extremely brief, directed primarily to the delay in resuming trial, and are set forth on less than three pages of transcript.

When court was commenced, defendant was not present although he had been present earlier. The defendant's voluntary absence after jeopardy attached is viewed as a waiver of the right of confrontation. *Pollard v. State*, 175 Ga. App. 269, 270 (333 SE2d 152).

The trial court's explanation of the delay to the jury was not a critical stage of the trial, and defendant has not pointed out any harm that could have resulted due to the absence of his attorney during these brief sessions. Under these circumstances no basis for reversal has been shown. *Roker v. State*, 262 Ga. 220, 222 (5) (416 SE2d 281).

Nor do we find any merit in defendant's assertion that the comments of the trial court were improper. It was within the trial court's discretion to explain the reason for delay to the jury, and in this instance the trial court wisely established on the record that the jury would not allow the delay to affect their proper consideration of the case.

3. Defendant's third enumeration of error states that the defend-

ant has a constitutional right to call all witnesses who can establish his innocence. Such a statement is hardly a proper enumeration of error since it fails to identify any error on the part of the trial court. Furthermore, the supporting argument in the brief relates a hypothetical sequence of harmful consequences resulting from limitations imposed by the trial court on the examination of certain witnesses at the hearing on the motion for new trial, but seems to maintain that the culmination of this sequence of error has resulted in error at trial. Since we view this as chronologically impossible, we have attempted to lend some rational meaning to this argument, but have discovered no harmful error.

4. The fifth enumeration of error fails to comply with the requirement of OCGA § 5-6-40 that each error shall be set out separately. Instead, two unrelated allegations of error are combined, thereby risking "our enforcing that law and declining to consider the merits. . . ." *Hayes v. State*, 189 Ga. App. 39 (1) (375 SE2d 114). Nonetheless, as in *Hayes* we proceed to consider the apparent allegations of error.

The first matter argued is that defendant's character was improperly placed in evidence during the prosecution's questioning of the law enforcement officer to whom defendant made his statements. This issue was not preserved by any objection at trial and is deemed to have been waived. *Allison v. State*, 217 Ga. App. 580, 581 (2), 582 (459 SE2d 557).

The remaining issues arise from defendant's tardy return from a lunch break taken during his cross-examination. When the cross-examination resumed, the assistant district attorney sought to elicit an explanation for the delay of the trial. Defense counsel objected to the line of questioning without stating any grounds therefor and noted, that through defense counsel, defendant had offered an explanation to the trial court. In an unreported bench conference, the prosecuting attorney apparently argued that the State was entitled to develop evidence upon which the prosecution could later argue flight to the jury. The trial court overruled defense counsel's objection, and the cross-examination continued. Defense counsel stated two more objections, first that defense counsel was being placed in the position of being a potential witness in the case (since counsel had been in communication with defendant during his absence), and the second objection complained of the prosecuting attorney's characterization of an interval of time.

None of defendant's objections at trial raised the issue he is now arguing on appeal, that the queries concerning defendant's tardy return from lunch were intended to improperly elicit evidence of defendant's bad character. We are limited to considering only those grounds raised and ruled on below by the trial court and may not

consider a basis for appeal not presented at trial. *Ellison v. State*, 216 Ga. App. 639, 641 (3) (455 SE2d 361).

5. Upon completion of a bench conference concerning defendant's final objection with regard to his cross-examination about his tardy return from lunch and immediately before the resumption of cross-examination, defense counsel requested permission to approach defendant. Defendant enumerates as error the denial of this request, arguing that the trial court's refusal to permit defense counsel to confer with defendant was a denial of defendant's right to counsel. But, a defendant has no constitutional right to confer with his attorney during a brief break in his testimony. *Perry v. Leeke*, 488 U. S. 272 (109 SC 594, 102 LE2d 624). See also *Robinson v. State*, 258 Ga. 279, 280 (3), 281 (368 SE2d 513).

6. In his eighth enumeration of error, defendant contends that the prosecution has improperly failed to disclose several items of exculpatory evidence. In order to establish such a violation of defendant's due process rights in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) and its progeny, the defendant must show "(1) that the State possessed evidence favorable to the defense; (2) that the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceeding would have been different. See *United States v. Meros*, 866 F2d 1304 (11th Cir.), cert. denied 493 U. S. 932 [(107 LE2d 312, 110 SC 322)] (1989)." *Zant v. Moon*, 264 Ga. 93, 99 (3), 100 (440 SE2d 657). Examining the list of items which defendant contends should have been provided to him, we find that defendant has failed to satisfy his burden under this four-part test as to any of these items; therefore, we conclude that defendant has failed to show the violation alleged by this enumeration of error.

7. "A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are clearly erroneous. *White v. State*, 255 Ga. 210, 212 (336 SE2d 777) (1985)." *Peebles v. State*, 260 Ga. 165, 166 (4) (391 SE2d 639). We find no error in the trial court's denial of defendant's motion to suppress his statements.

8. Defendant contends that the photographic lineup was impermissibly suggestive and tainted the in-court identification because, of the six photographs in the lineup, only his was of a person with braided hair. Only one of the three victims was able to identify defendant, and that witness had described the perpetrator as having braided hair. Under very similar facts in *Nicholson v. State*, 265 Ga. 711, 712 (2) (462 SE2d 144), the Supreme Court assumed that such a photographic display was "suggestive" but held that the suggestive-

ness of the identification procedure alone will not render the witness's pre-trial identification inadmissible if under the totality of the circumstances, there was no substantial likelihood of irreparable misidentification. Considering the factors listed in the Supreme Court decision we note that the witness viewed the photographic lineup six days after the armed robbery. Upon viewing the photographic lineup containing defendant's photograph she immediately identified him. This witness's attention was drawn to defendant during the robbery because he had the gun and she viewed him for approximately three minutes. The site of the robbery was well lighted by streetlights and lights from a nearby shopping center, and the witness gave a description consistent with defendant's appearance including the fact that he had braids.

Under the totality of these circumstances, there was no substantial likelihood of irreparable misidentification. Therefore, testimony concerning the pre-trial identification was properly admitted, and the witness's in-court identification testimony was not tainted thereby.

9. The evidence at trial was sufficient to authorize defendant's conviction. Since defendant was identified as the gunman in the armed robbery, a rational trier of fact was authorized to find defendant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

10. The twelfth enumeration of error complains of several alleged errors in the jury charge. We have examined each of the alleged errors and found defendant's contentions to be without merit.

11. There was no error in the trial court's refusal to excuse a juror who expressed his concern regarding delays in the progress of the trial and with the processes of the trial court. The juror assured the trial court that he could set aside his frustrations and continue conscientiously as a juror in the case. *Croom v. State*, 217 Ga. App. 596, 597 (2), 598 (458 SE2d 679).

12. The trial court did not err in sustaining the prosecution's hearsay objection when defendant sought to elicit testimony that K. A. and C. C. had made statements that they had committed the armed robbery for which defendant was on trial. On appeal, defendant argued for the first time that this testimony should have been admitted under the necessity exception to the hearsay rule.

Pretermitting any questions concerning whether defendant has properly preserved this issue below, we find that the testimony at issue was not admissible under the necessity exception to the hearsay rule. "The two prerequisites for the admission of hearsay because of necessity are 1) necessity, and 2) particularized guarantees of trustworthiness. *McKissick v. State*, 263 Ga. 188 (429 SE2d 655) (1993)." *Roper v. State*, 263 Ga. 201, 202 (2) (429 SE2d 668). As to the second requirement, " 'there must be something present which the law con-

siders a substitute for the oath of the declarant and his cross-examination by the party against whom the hearsay is offered.' . . . [Cits.]" *Turner v. State*, 216 Ga. App. 896, 898 (2) (456 SE2d 241).

This second requirement is not satisfied in the case sub judice. Indeed, while defendant urges that because the statements had indicia of reliability because they were against the penal interests of the declarants, this contention is contrary to the long standing position of Georgia's appellate courts that declarations, to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not reliable but likely to reflect an attempt to subvert justice. Thus, such statements are inadmissible except when the declarant is available to testify. *Guess v. State*, 262 Ga. 487 (2) (422 SE2d 178). See also *Turner v. State*, 216 Ga. App. 896, 899 (2), supra. Of the remaining circumstances urged by defendant as indicia of reliability, one lacks any factual basis. The remaining circumstance, that the declarant and defendant are not co-indictees, is not alone sufficient to establish the reliability of the declarant's statement. This enumeration of error lacks merit.

13. While defendant maintains that he was denied his rights under OCGA § 17-8-5 and under a number of state and federal constitutional provisions because certain bench conferences were not reported, he has not attempted to demonstrate any harm or prejudice resulting from this failure to transcribe. Nor has defendant fulfilled his duty to have the record completed by reconstruction pursuant to OCGA § 5-6-41. Under these circumstances, defendant has shown no grounds for reversal. *Davis v. State*, 242 Ga. 901, 902 (1) (252 SE2d 443); *Mapp v. State*, 204 Ga. App. 647, 648 (2) (420 SE2d 615).

14. In the sixteenth enumeration of error, defendant has again deviated from the requirement of OCGA § 5-6-40 that each error shall be set out separately. Under this enumeration of error, defendant has attempted to argue a large, but undeterminable, number of errors which are related only in that they occurred during the hearing of defendant's motion for new trial. We have reviewed defendant's argument and considered all allegations of error which can be identified, but find no harmful error.

15. The seventeenth and final enumeration of error presents nothing for review as it contains only a general assertion of defendant's innocence and does not contest any action or inaction of the trial court. Since we are a court of law for the correction of legal errors, this factual assertion presents nothing for review.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MARCH 12, 1996 — 

*Michael K. McIntyre*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.