## A96A0400. BLACK v. THE STATE.
### (473 SE2d 186)

Judge Harold R. Banke.

William Douglas Black was convicted of two counts of aggravated assault, two counts of interference with government property, driving while intoxicated, reckless driving, attempting to elude, no proof of insurance, and driving without a valid license. On appeal, he enumerates four errors challenging his convictions for aggravated assault, interference with government property, and driving while intoxicated.

This case arose after a Chattanooga, Tennessee police officer observed Black's car parked under the awning of a closed gas station just before midnight. After the officer noticed that Black possessed beer cans, slurred his speech, and smelled strongly of alcohol, he asked for identification and called for backup. As the backup car arrived, Black cranked his car and fled toward Georgia. The backup pursued Black and officers from other jurisdictions were dispatched. Black sped into Georgia, ignoring traffic signals and weaving through traffic and onto sidewalks in heavy rain. Officer Mark Stanfield testified that he saw Black attempt several times to ram a police car which had pulled alongside his car as part of a rolling roadblock. After Black turned left and then attempted to whip his car around in the opposite direction, he sideswiped the right front fender of a City of Lafayette Police Department patrol car participating in the chase,

but continued his turn. Black then hit another patrol car and slid down an embankment. The officer driving the second car Black hit testified that just prior to impact it appeared Black was in full control of his car. *Held*:

1. The evidence was sufficient to support the verdicts on aggravated assault and interference with government property. Viewed in the light most favorable to the verdicts, a rational trier of fact could find all the essential elements of these crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

A conviction based on the offense of aggravated assault requires proof of two essential elements: (1) an assault, as defined in OCGA § 16-5-20, and (2) aggravation by use of a deadly weapon. *King v. State*, 213 Ga. App. 268 (444 SE2d 381) (1994). The relevant elements of assault under OCGA § 16-5-20 are (1) an attempt to commit a violent injury to the person of another or (2) commission of an act which places another in reasonable apprehension of immediately receiving a violent injury. "A person commits the offense of interference with government property when he destroys, damages, or defaces government property. . . ." OCGA § 16-7-24 (a).

The evidence that Black hit the patrol cars while making a U-turn and appeared to be in full control of his vehicle just prior to impact was sufficient for the jury to find that he attempted to commit a violent injury to another's person and interfered with government property. *Payne v. State*, 195 Ga. App. 523, 525 (4) (394 SE2d 781) (1990); see *Fields v. State*, 167 Ga. App. 400, 401 (2) (306 SE2d 695) (1983). Black does not dispute that a car can be a deadly weapon. *Payne*, 195 Ga. App. at 525 (4). Instead, he maintains that he lost control after one of the patrol cars rear-ended his vehicle and therefore lacked the intent required for aggravated assault or interference with a government vehicle. However, skid marks at the scene showing Black's collision with the two patrol cars did not corroborate Black's contention. Moreover, the investigating officer testified that he observed no damage to the rear of Black's car. In addition, the officer who followed Black during the chase testified that his car had an airbag which would have inflated with any frontal impact such as that caused by rear-ending Black's car. The evidence was sufficient to support the verdicts notwithstanding Black's argument, which goes to the weight of the evidence and credibility of the witnesses, issues not reviewable on appeal. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

2. The court did not err in refusing to give the instruction requested. The pattern instruction for accident and OCGA § 16-2-2 both confirm that guilt cannot be predicated on a crime committed by misfortune or accident where it satisfactorily appears there was "no criminal scheme or undertaking, intention, or criminal negligence."

OCGA § 16-2-2; Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, p. 23 (1991). The requested instruction omitted the final phrase, "criminal negligence," rendering it an incomplete statement of the law. *Lewis v. State*, 212 Ga. App. 310, 313 (5) (441 SE2d 851) (1994). Nor, under these facts, was an accident charge required even in the absence of a correct request. *Helton v. State*, 216 Ga. App. 748 (455 SE2d 848) (1995); see *Lawson v. State*, 214 Ga. App. 464, 465 (2) (448 SE2d 14) (1994). Inasmuch as Black admitted that he continued his attempt to elude the police, even as they strove to implement a rolling roadblock to stop his reckless charge down the highway, no evidence authorizes a finding that the collisions occurred absent a "criminal scheme or undertaking, intention, or criminal negligence." OCGA § 16-2-2; see *Campbell v. State*, 263 Ga. 824, 825-826 (3) (440 SE2d 5) (1994). On the contrary, at best, the evidence shows that at the time of the collision Black was engaging in conduct of such a reckless and wanton character "as to show utter disregard for the safety of others who might reasonably be expected to be injured thereby." *Keye v. State*, 136 Ga. App. 707, 708 (1) (222 SE2d 172) (1975) (defining criminal negligence).

3. We reject Black's contention that the trial court erred in failing to instruct the jury on the implied consent warnings which must be provided to an accused prior to the introduction of evidence of his refusal to take an intoximeter test. The record shows that Black failed to move to suppress testimony that he refused to take the test, failed to object to such testimony, and failed to request such an instruction orally or in writing. Under these circumstances, the failure to give the charge was not preserved for appellate review. *Reagin v. State*, 218 Ga. App. 733, 735 (2) (463 SE2d 39) (1995).

4. We reject Black's contention that the trial court committed reversible error by characterizing its recharge to the jury on aggravated assault and interference with government property as a "reconstruction." Black maintains that this characterization, particularly in the absence of an accompanying recharge on the burden of proof, permitted the jury to use these counts in lieu of the entire charge. The record shows that the trial court's recharge was a correct statement of the law and it concluded with the following statement: "And by giving this reconstruction, this recharge, I'm not emphasizing it over the rest of the charge. You need to take it all as a whole and apply it to the evidence." " '[T]he necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. . . . Our review is limited to determining whether that discretion was abused, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations.' [Cit.]" *Payne v.*

*State*, 219 Ga. App. 318 (1) (b) (464 SE2d 884) (1995). Having considered the statement in context, we conclude that the trial court did not abuse its discretion.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 18, 1996 —
RECONSIDERATION DENIED JULY 3, 1996 — 

*William D. Hentz*, for appellant.
*Ralph Van Pelt, District Attorney, Melodie S. Bedford, Assistant District Attorney*, for appellee.