## A03A0763. DYER v. THE STATE.
### (585 SE2d 81)

MILLER, Judge.

Following a jury trial, Walter Thomas Dyer was convicted of several misdemeanors and aggravated assault on a police officer. On appeal he contends that (1) the evidence was insufficient to sustain his conviction for aggravated assault on a police officer,[1] and (2) the trial court erred in allowing the State to introduce improper character evidence. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that when two police officers pulled Dyer over for a broken taillight, Dyer sped away as soon as the officers got out of their vehicle to confront him. The officers returned to their vehicle and chased Dyer.

Dyer led the police on a dangerous high-speed chase, and one of the pursuing officers pulled his vehicle up beside Dyer in an attempt to force Dyer off the roadway. Although there were no other vehicles ahead of Dyer for Dyer to avoid, and no other reason for Dyer to swerve into the officers' lane, Dyer increased his speed and swerved his vehicle at the police cruiser next to him. In order to avoid being hit by Dyer, the driving officer steered away from him, which caused the police cruiser to strike a culvert and flip over several times before coming to rest upside down in a ditch. The driving officer and his partner were transported to a nearby hospital to be treated for their injuries. Other officers who continued the chase eventually stopped and arrested Dyer.

At trial Dyer's counsel asked him if he knew that he would have been arrested and put in jail for driving with a suspended license at the time of the initial traffic stop. Dyer responded that he knew that he would go to jail because he was on probation at the time of the stop. Thereafter, the State asked Dyer on cross-examination about the nature of his probation and whether this probation was related to Dyer fleeing from police in the past. The court allowed this line of questioning over defense counsel's objections, reasoning that Dyer had opened the door to such questions by mentioning his probation on direct examination.

---

[1] Dyer does not challenge his other convictions in this appeal.

The jury found Dyer guilty of aggravated assault on a police officer and several other offenses, and Dyer now appeals.

1. Dyer claims that the evidence at trial was insufficient to sustain his conviction for aggravated assault on a police officer. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person is guilty of aggravated assault on a police officer "when he or she assaults [a peace officer] with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." OCGA § 16-5-21 (a) (2), (c). An assault occurs when a person "[a]ttempts to commit a violent injury to the person of another; or [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2). It is well established that a speeding driver who uses a car offensively against a police officer during a high-speed chase can be guilty of aggravated assault on a police officer. *Durrance v. State*, 250 Ga. App. 185, 186-187 (2) (549 SE2d 406) (2001); *Black v. State*, 222 Ga. App. 80, 81 (1) (473 SE2d 186) (1996); *Payne v. State*, 195 Ga. App. 523, 525 (4) (394 SE2d 781) (1990).

Here the evidence revealed that Dyer swerved his vehicle at the pursuing officers in an offensive manner, causing the officers' vehicle to dangerously flip over several times, resulting in injuries to the officers. The jury was free to believe or disbelieve Dyer's testimony that he did not intend to harm the police officers during the high-speed chase. The evidence sufficed to sustain the conviction. See *Durrance*, supra, 250 Ga. App. at 187 (2); *Black*, supra, 222 Ga. App. at 81 (1).

2. Dyer argues that the trial court erred in allowing the State to cross-examine him regarding his probation after Dyer himself had raised the issue of his probation in his testimony on direct examination. We disagree.

When a defendant chooses to testify, evidence of the defendant's general bad character and his prior convictions are inadmissible unless the defendant first places his character in issue or the prior convictions are offered for some proper purpose. See OCGA § 24-9-20 (b); see also *Stinson v. State*, 221 Ga. App. 758 (1) (472 SE2d 538) (1996). However, "[w]here the defendant testifies and admits prior

criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination." (Citation omitted.) *Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). As such, a trial court does not err in allowing evidence of prior crimes to be admitted as an exception to the rule against the admission of character evidence when a defendant himself opens the door to the admission of those particular prior crimes. See *Hayes v. State*, 189 Ga. App. 39, 41 (2) (375 SE2d 114) (1988); *Hack v. State*, 168 Ga. App. 927, 929 (4) (311 SE2d 211) (1983).

Here Dyer admitted to being on probation for prior criminal conduct, and Dyer used this admission as a basis for explaining why he fled from police. Based on Dyer's admission, the State was entitled to a thorough and sifting cross-examination on the nature of Dyer's prior probation, which included the fact that Dyer was on probation for having previously fled from police. The trial court therefore did not err in allowing this evidence to be heard by the jury.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 15, 2003.

*William R. Thompson, Jr.*, for appellant.

*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.