## A04A0705. CARTER v. THE STATE.
### (598 SE2d 549)

JOHNSON, Presiding Judge.

Willie Carter was tried before a jury and convicted of possessing a sawed-off shotgun, possessing a firearm during the commission of a crime, obstructing an officer, and two counts of aggravated assault on a police officer. He also pled guilty to the offense of possession of a firearm by a convicted felon. He appeals, challenging the sufficiency of the evidence as to the two aggravated assault on a police officer convictions and the admission into evidence of photographs showing a shirt sleeve with two eyeholes cut into it. The challenges are without merit, so we affirm Carter's convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but determine only if there is sufficient evidence from which a rational trier of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt.[2]

Viewed in favor of the verdict, the evidence shows that on May 15, 1999, two police officers in the town of Griffin were on patrol in a marked police car when they saw Carter driving a car 38 mph in a 25-mph zone. The officers also saw that Carter and a female passenger were not wearing seat belts. They attempted to stop Carter, activating the lights and the siren on their patrol vehicle, but Carter did not stop. Instead, he accelerated, ran through a red traffic light and eventually turned into an apartment complex.

In the complex parking lot, Carter careened over speed bumps, stopped his car, and then jumped out of it brandishing a sawed-off shotgun. He pointed the gun at the two officers, who had stopped behind him. The officers took cover behind their vehicle, pointed their pistols at Carter, and commanded him to drop his weapon. Carter flung his shotgun to the ground and fled on foot.

---

[1] *Grier v. State*, 262 Ga. App. 777 (586 SE2d 448) (2003).
[2] Id.; *Simmons v. State*, 262 Ga. App. 164 (585 SE2d 93) (2003).

One of the officers secured the female passenger, putting her in handcuffs and placing her in the back of the patrol car. The other officer radioed for backup police units and then chased after Carter. He saw Carter enter an apartment, at which point the backup units arrived at the scene. Three officers entered the apartment, where they found a sweating and breathless Carter, along with two women and another man. Carter was placed under arrest, and officers eventually discovered that his shotgun was fully loaded and in fire mode.

> A person is guilty of aggravated assault on a police officer when he or she assaults a peace officer with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. An assault occurs when a person attempts to commit a violent injury to the person of another; or commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[3]

In the instant case, the evidence clearly authorized the jury to find that Carter, by pointing his shotgun at the two officers, placed the officers in reasonable apprehension of immediately receiving a violent injury. Because there is sufficient evidence from which a rational trier of fact could have found Carter guilty beyond a reasonable doubt of two counts of aggravated assault on a police officer, his convictions must be sustained.[4]

2. After Carter's arrest, the police found several items inside his car, including a shirt sleeve with two eyeholes cut into it. At trial, the court allowed the state to introduce photographs of the sleeve into evidence. Carter complains that the admission of the photographs was erroneous because it was irrelevant and was introduced solely to connect him to an armed robbery that had been committed in another county. We find no error.

Articles found in the control of the defendant at or near the time of arrest are admissible as circumstances connected with the arrest, and circumstances surrounding an arrest are admissible for whatever value the jury wishes to place on them.[5] Because the shirt sleeve was found in Carter's car pursuant to his arrest, the photographs of it were admissible for the jury's consideration.

---

[3] (Citations and punctuation omitted.) *Dyer v. State*, 261 Ga. App. 289, 290 (1) (585 SE2d 81) (2003).

[4] See generally *Chancey v. State*, 258 Ga. App. 319-320 (1) (574 SE2d 383) (2002).

[5] *Kirk v. State*, 210 Ga. App. 440, 443 (1) (436 SE2d 553) (1993).

Moreover, Carter cites no evidence to support his claim that the state attempted to connect the shirt sleeve to an armed robbery committed in another county. Rather, it appears from our review of the trial transcript that the photographs of the sleeve were introduced solely to show that it was one of several items found in Carter's car in connection with his arrest.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear abuse of discretion."[6] Because Carter has shown no clear abuse of discretion, we will not disturb the trial court's decision.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 9, 2004.

*Sullivan & Sturdivant, Harold A. Sturdivant,* for appellant. *William T. McBroom III, District Attorney,* for appellee.

---

[6] (Citation and punctuation omitted.) *Holmes v. State,* 275 Ga. 853, 854 (3) (572 SE2d 569) (2002).