## BAKER *v.* THOMPSON & SCOTT.

1. Where it does not affirmatively appear by official entries on the docket, or the papers connected with the case, that the justice's court which rendered a judgment on a given day other than a regular monthly court day, was held from day to day, or adjourned over by consent of parties, parol evidence tending to illustrate the question whether the court was legally in session when the judgment was rendered, is admissible either to attack or uphold the judgment. A judgment rendered on a day when the court is not authorized to sit and transact business is a nullity, and leaves the case still pending, to be afterwards tried and disposed of.

2. Where interrogatories are taken by consent without commission in a justice's court, they will not be excluded on mere written ob-

jection to the same founded upon refusal of the witness to answer some of the cross-interrogatories, it not appearing that any notice of the objection was given to the opposite party or his counsel, nor that the answers had not been in office for twenty-four hours before the trial.

3. The sole presiding magistrate in a justice's court cannot testify as a witness before a jury trying a case on appeal in the court over which he presides. The law makes no provision for administering an oath to him as a witness; he cannot be sworn before himself.

4. In a suit against two defendants, whether they are sued as joint promissors or as copartners, the plaintiff may recover against one of them severally. And where he disclaims, in open court before the court and jury, any right to recover against both, and claims that he has made out his case against one only, naming him, his disclaimer as to the other being entered on the docket, a general verdict for so much, in favor of the plaintiff, is to be read in the light of such disclaimer, and is to be construed, not as a finding against both defendants, but as a finding against that one to which the disclaimer does not apply.

5. Before the jury have dispersed, the presiding magistrate in a justice s court may send them out to correct their verdict by expressing therein the date from which interest on the principal sum found for the plaintiff is to be computed, this addition to the verdict being requisite to give proper certainty to the original finding.
August 1, 1892.                                    *Judgment reversed.*

Justice's court. Judgment. Evidence. Interrogato-. ries. Witness. Verdict. Before Judge MILNER. Bartow superior court. July adjourned term, 1891.

*Certiorari* to the verdict of a jury in a justice's court against J. A. Baker, was overruled, and he excepted.

1. It appears that on January 15, 1879, Thompson & Scott sued W. C. & J. A. Baker for $25, balance due on an account with items dated May and August, 1876. The suit was in the court of Pritchett, justice of the peace, and the summons was returnable to the 11th day of February, 1879. On February 22, 1879, Pritchett rendered judgment against J. A. Baker only, for $18.75, with interest from January 1, 1877, and cost. On Pritchett's docket, just preceding this entry of judgment, appear the words, "Trial 11th Feb'y." In 1887, after notice to the defendants, Attaway, the successor in

office of Pritchett, transferred the case from Pritchett's docket to his own, it appearing that the judgment of Pritchett was rendered on a day other than a regular court day. The case was tried by Attaway, and judgment was rendered in favor of the plaintiffs against J. A. Baker for $25, with interest and costs. From this judgment Baker appealed to a jury, and on the trial there was evidence that the regular day for holding Pritchett's court was the 11th of February, 1879, that the case in question was not tried on a regular court day, but that after finishing other business the court adjourned to the 21st of February to try this and another case. It is contended in the petition for *certiorari* that the original judgment was binding on the parties thereto, and is conclusive until reversed or set aside in some proceeding directly for that purpose. A. W. Fite testified that Pritchett's regular court day was held on the second Tuesday in each month, which at the date of the judgment would have been on the 12th day of the month. He did not know whether the court was running from day to day until the rendition of this judgment. After getting calendar for year 1879, said court was held on the 11th day of the month. To this testimony Baker objected on the ground that it was irrelevant, as the plaintiffs could not attack the judgment in this way. The overruling of this objection is assigned as error.

2. The plaintiffs sued out interrogatories for J. A. Thompson, which, by agreement between parties, were executed and returned, and were read in evidence in behalf of the plaintiffs. Baker insisted upon objections he had taken in writing to the introduction of these interrogatories, which objections were, that Thompson had positively refused to answer the third and fourth cross-interrogatories. The objections were overruled, and error is assigned. The two cross-interrogatories

referred to are as follows: "Is it not a fact that as an attorney at law I was suing you and Scott for Dr. Baker and Baker & Hall: and is it not a fact that several other parties were suing Thompson & Scott; and is it not a fact that you and Scott were both in a terrible straight for money in 1878, 1879 and 1880? This being a fact, why is it that you allowed this *fi. fa.* against me to go unsatisfied? Explain fully. Don't you know it has been settled; and why are you now swearing a lie for the paltry sum of $25? Does any of this recovery go to you? If so, how much? What part of this claim goes to the attorney, if collected? Don't you know that I am perfectly solvent, and why in the very beginning of this suit should you and Scott promise one half of the claim to a pretended attorney at law to help you collect it? Explain fully. J. A. Baker." The answer given by the witness was as follows: "As to the other x-interrogatories I decline to make answer, as the matters of record therein referred to will speak for themselves. Our condition in 1878, 1879, 1880, can be better proven by the people of Cartersville, and Mr. Fite can testify as to the reference to himself. J. A. Thompson."

3. It is further assigned as error that Attaway, the sole presiding justice, was sworn by the plaintiffs as a witness, over objection "that the presiding court could not be sworn by an attorney and introduced in a case," and then testified as to what J. A. Baker had sworn in this case when it was tried by the witness.

4. A motion was made to dismiss the case, because the summons did not show whether the defendants were partners or joint contractors. The summons was addressed to "W. C. & J. A. Baker," and the account sued on was made out in the same way. The court held that as the summons stood the suit was against the defendants as joint contractors. The plaintiffs then proposed

to amend by adding the words "as partners," after the names of the defendants, to which objection was taken on the ground that this would make new and distinct parties. The objection was overruled. The amount was written out in the summons but not signed, and nothing further was said or done about it until the evidence was closed, when the plaintiffs' counsel said that he declined to make the amendment. After hearing the testimony of W. C. Baker, the plaintiffs' counsel said that W. C. was clearly not liable and he would not ask a verdict against him. This statement was entered on the docket, and the verdict and judgment were against J. A. Baker alone. He and W. C. both swore that W. C. was not liable on the account. The error assigned is the allowance of the amendment over the objection.

5. The jury returned this verdict: "We, the jury, find for plaintiffs $25 with interest." Before the jury dispersed the justice, over objection of Baker, directed them to return to their room and state the time from which they found interest. They did return and added to the verdict the words, "from January 1, 1877, at seven per cent." Thereupon judgment was entered accordingly. Error is assigned upon the overruling of the objection, and upon the entry of judgment against J. A. Baker alone, the verdict being, as he insists, as much against W. C. Baker as J. A. Baker.

W. I. HEYWARD, for plaintiff in error.
A. S. JOHNSON, *contra.*