SHOCKLEY & CO., for use, *v.* MORGAN, and *vice versa.*

1. It was not erroneous to reject answers to interrogatories embracing questions which referred exclusively and in terms to an alleged account, when no account was attached to the interrogatories for exhibition to the witness; objection on this ground having been duly made in writing before the commission was issued.

2. This court will not interfere with the discretion of the court below in refusing, at the instance of a plaintiff, to suspend a trial in order to send for an absent witness whom the former desired to introduce, it not appearing that the latter had been subpoenaed; the more especially, when it appears that the plaintiff had already declined an offer by the court to allow him a continuance for the purpose of procuring testimony to establish the same

facts as those he expected to prove by the testimony of the absent witness supplemented by other evidence.

3. The refusal of the judge to testify as a witness in a case on trial before him is not cause for a new trial.

4. The judgment of a trial court will not be reversed because of a refusal to permit the introduction of written evidence, when the same is not set forth, either literally or in substance, with sufficient fullness to enable this court to determine whether or not its rejection resulted in injury to the plaintiff in error.

5. There was nothing in the charge complained of which would justify the granting of a new trial; and the evidence warranted the verdict.

Argued October 23, — Decided November 29, 1897.

Appeal. Before Judge Smith. Pulaski superior court. January 14, 1897.

*W. L. & Warren Grice*, for plaintiffs.

*J. H. Martin*, for defendant.

LUMPKIN, P. J. 1. The plaintiffs, who had brought against the defendant an action upon an open account, endeavored to make out their case by introducing answers to certain interrogatories. These interrogatories were addressed to two witnesses. The first of them was in the following words: "State anything you and each of you may know as to the correctness or incorrectness of this account, and your means of knowing about it." Each of the remaining interrogatories propounded questions as to "this account" or "the account." It does not appear, however, that any account of any description was attached to the interrogatories for exhibition to the witnesses. When the interrogatories were served upon counsel for the defendant, an objection in writing on the ground that no account was attached was duly entered upon the same. At the trial the court rejected the answers, and rightly did so. It being impossible for either the commissioners or the witnesses to know as to what particular account the latter were interrogated, their answers could not lawfully be treated as pertinent evidence in the pending case.

2. The court, however, offered to continue the case in order to allow the plaintiffs time to sue out proper interrogatories and have the same executed. The plaintiffs declined this offer and elected that the trial proceed. They then announced that they desired to introduce as a witness the defendant himself.

He had not been subpœnaed, and being absent from the court-room, the plaintiffs requested the judge to suspend the trial in order that he might be sent for. Exception is taken to a refusal to grant this request. As it was a matter purely within the discretion of the trial judge, this court will not interfere, especially in view of the fact that the plaintiffs had declined to avail themselves of the offer by the judge to grant them a continuance.

3. The plaintiffs then offered to introduce the trial judge as a witness, stating that they proposed to prove by him that a signature attached to a letter which they desired to offer in evidence was in the handwriting of the defendant. The judge properly declined to be sworn as a witness. In this connection we quote the following from 1 Greenleaf on Evidence, § 364: "Whatever difference of opinion may once have existed on this point, it seems now to be agreed that the same person can not be both *witness and judge* in a cause which is on trial before him. If he is the sole judge, he can not be sworn; and, if he sits with others, he still can hardly be deemed capable of impartially deciding on the admissibility of his own testimony, or of weighing it against that of another."

4. The next offer of the plaintiffs was to introduce in evidence the letter above referred to, depending, for proof of its execution, upon a comparison of the signature attached to the same with the signature to the sworn plea of the defendant which had been filed in the case. Even if this should be treated as a sufficient foundation for the introduction of the written evidence, we can not determine whether or not its rejection resulted in injury to the plaintiffs, because the contents of the letter in question are nowhere in the record set forth, either literally or in substance, with sufficient fullness to enable us to determine to what extent, if any, it was pertinent and relevant to the issues involved.

5. The plaintiffs' counsel then took the stand and testified, in substance, to certain admissions which had been made to him by the defendant. In this connection the court charged: "If defendant admitted to plaintiffs' attorney that the account was correct, and promised to pay it, this would be sufficient to

authorize a verdict for plaintiffs; but a mere failure to deny or dispute the account would not be such an admission of it as would justify a verdict for plaintiffs." This charge was excepted to as erroneous. The first paragraph of it certainly contains nothing of which the plaintiffs could justly complain; and the latter paragraph, while not strictly adjusted to the evidence bearing upon the subject of admissions, is not, in view of this evidence as a whole, cause for a new trial. While the testimony of the plaintiffs' attorney does show that he mentioned an account to the defendant, who made no objection to it, but said he would pay it, and asked for more time, it does not unequivocally appear that the defendant knew that the account which was the subject-matter of the conversation between himself and the plaintiffs' attorney was the identical account now sued on. No account was presented, no sum was mentioned, and the defendant did not admit liability in any particular amount. The above being a summary of all the evidence upon which the plaintiffs predicated their alleged right to recover, we think the jury properly found in favor of the defendant, and that there was nothing in the charge complained of which would justify the granting of a new trial.

*Judgment on main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concurring.*