## 1534. PHILLIPS *v.* THE STATE.

1. In the absence of statutory authority, an officer can not administer a lawful oath to himself.
2. Election managers are authorized by law to administer the official oath, one to another; and if the three sign it in the presence of one another, although only one of them purports to attest it, the legal effect is that they administer the oath to one another, but not that each or any of them administers it to himself.
3. An indictment for false swearing which charges that one of the defendants administered to himself along with others an oath as election manager, as to which the false swearing is charged, is, as to that defendant, subject to demurrer, on the ground that as to him the oath was not a lawful oath.

Accusation of misdemeanor, from DeKalb superior court—Judge Roan. November 16, 1908.

Argued January 14,—Decided February 9, 1909.

*Candlers, Thomson & Hirsch, R. L. D. McAllister, J. D. Kilpatrick, L. J. Steele, Asa Warren Candler,* for plaintiff in error.

*William Schley Howard, solicitor-general,* contra.

POWELL, J. The present plaintiff in error is one of the defendants in the indictment, which is fully described in the case of *Norton* v. *State,* No. 1533, ante, 586 (63 S. E. 662). In addition to the points presented in that case, Phillips presents the point that he is charged with false swearing, predicated upon an oath administered by himself to himself. We think this objection is well taken. In the absence of express statutory authority, an officer can not administer an oath to himself. *Baker* v. *Thompson,* 89 *Ga.* 487 (15 S. E. 644). See also *Shockley* v. *Morgan,* 103 *Ga.* 158 (29 S. E. 694). The theory of the solicitor-general is that section 113 of the Political Code, wherein it is provided that "The managers shall take the oath before the notary public, or other officer authorized to administer oaths, but if no such officer can be conveniently had, the managers may administer the oath to each other," is sufficient statutory authority for the administration of the oath by Phillips to himself in the present case. In *Tanner* v. *Deen,* 108 *Ga.* 95 (33 S. E. 832), it was held that "Where a justice of the peace and two freeholders meet for the purpose of holding and managing an election at a precinct, and all, at the same time and before entering upon the discharge of their duties, take the oath prescribed by law, and the two freeholders subscribe and the justice

of the peace attests the same, this is a sufficient compliance with the statute requiring the superintendents to be sworn before an officer or before each other." In the course of the opinion it is said that the reading of the oath and the signing of it by the three managers in the presence of one another was "the equivalent of an administration of the oath by the justice to the other two and by them to him at the same time." It will be seen that this is no ruling that the justice of the peace might take the oath before himself, but rules that if he signs the oath along with and in the presence of the other managers, he in legal effect takes it before them. The allegation in the indictment before us is that Phillips took the oath before himself, not that he took it before the other two managers. We conclude that as to him the demurrer to the indictment should have been sustained.     *Judgment reversed.*