### 53306. COLLINS v. THE STATE.

Marshall, Judge.

Appellant Collins brings this appeal from the revocation of his probation of a sentence to serve twelve months for public drunkenness.

The facts of this unusual case show that Collins entered a guilty plea to a charge of public drunkenness, and he was sentenced to serve twelve months on probation upon condition that he report to a drug and alcohol rehabilitation center for treatment for a period of approximately a month. Part of the probation included a direction that Collins was not to leave the rehabilitation center during the period of treatment. Approximately two weeks after commencing the treatment, it appeared that Collins left the treatment center and presented himself at the trial judge's home to question the sentence. Because of his

absence from the treatment center, Collins' probation officer sought a revocation of the probation.

Upon the trial of the revocation issue, the probation officer offered a hearsay report that Collins had left the treatment center. This evidence was rejected by the trial court upon objection. The prosecutor then called Collins for "cross examination" but obtained only the invocation of the right to remain silent. At this point, the trial judge, sua sponte, directed the prosecutor to call him, the trial judge, as a witness for the state. The trial judge testified (over objection) as to the visit by Collins as well as to certain admissions made by Collins. Based upon its own testimony, at least in part, the trial court ordered the revocation of the probation. Thereafter, Collins moved for the disqualification of the trial judge, to withdraw his guilty plea, and for a reconsideration of the revocation of probation. Because Collins was not present at the hearing, counsel also moved for a continuance of the hearing on the motions until Collins could be present. All motions were denied and these denials form the predicate for the enumerations of error, of which there are six in number. *Held:*

1. In view of our disposition of Enumerations 3 and 5, we will not address the other enumerations.

2. Enumerations 3 and 5 deal with the giving of testimony by the trial judge in a case in which he was presiding. We find an abuse of discretion by the trial court in not disqualifying itself and referring this matter to another qualified judge.

There is more than one reason for disqualification in such a situation. One reason deals with the question of credibility or admissibility of evidence." 'Whatever difference of opinion may once have existed on this point, it seems now to be agreed that the same person can not be both witness and judge in a cause which is on trial before him. If he is the sole judge, he can not be sworn; and, if he sits with others, he still can hardly be deemed capable of impartially deciding on the admissibility of his own testimony, or of weighing it against that of another.' " *Shockley & Co. v. Morgan,* 103 Ga. 156, 158 (3) (29 SE 694), citing with approval 1 Greenleaf on Evidence, § 364. As indicated, another problem is before whom may his

oath as a witness be taken. The law makes no provision for administering an oath to him as a witness; he can not be sworn before himself. *Baker v. Thompson,* 89 Ga. 486 (3) (15 SE 644).

The circumstances in which a trial judge may be disqualified are set out in Code Ann. § 24-102 (Ga. L. 1935, p. 396; 1943, p. 322). The case of *Stevenson v. Stevenson,* 222 Ga. 47, 50 (3) (148 SE2d 388) held that these grounds are exhaustive. By negative implication that case also holds that if the judge is an "invisible" or a visible witness he is disqualified. This negative implication is made positive by Canon 3C (d) (iv) of the Georgia Code of Judicial Conduct, 231 Ga. A5-6. See *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568). That canon provides that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he is, to his knowledge, likely to be a material witness in the proceeding. Under the circumstances of this case, the trial judge should have disqualified himself and referred the matter to another court. His failure so to do was error prejudicial to the rights of this appellant. Accordingly, the judgment of the trial court is reversed.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 7, 1977 — DECIDED JANUARY 27, 1977.

*M. Francis Stubbs,* for appellant.
*B. Daniel Dubberly, Solicitor,* for appellee.