## 55302. MOSLEY v. THE STATE.

SMITH, Judge.

Mosley contends the trial judge erred by communicating improperly with the jury and by failing to disqualify himself because of certain alleged irregularities occasioned by his leaving the courtroom with a juror. We find no harmful error and affirm the conviction of obstruction of justice.

1. The trial judge, upon being informed that the jury was deadlocked, called in the jury foreman and inquired of him whether or not the jury desired further instruction.[1]

---

[1] While no enumeration of error was made as to this practice, we must point out that to call in a single juror is

The foreman retired to the jury room to make inquiry of his fellow jurors, and he returned to the courtroom and reported, "all feel that they could come to a verdict if they had some more" instruction. The entire jury then came to the courtroom and asked for re-charge, specifically, on the word "knowingly." The judge gave the re-charge, and a juror expressed lingering doubt about the meaning of the word. After he informed that juror that Mosley could not be convicted unless he knowingly obstructed justice, the judge asked if there were further instruction he could offer and the juror responded negatively. The judge also instructed the jury, at the time of this re-charge, that his business was not to interfere in their deliberations, but only to offer instructional assistance, and that it was their province alone to determine guilt or innocence. Mosley's counsel was present for all of this judicial communication with the jury. Contrary to Mosley's allegations, the trial judge's handling of the re-charge was not coercive of any individual juror, nor was it an interference with jury deliberations. Also, "[w]here the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry." *Evans v. State,* 138 Ga. App. 460, 461 (226 SE2d 303) (1976).

2. After the court had discharged the jury for the night, the jury remaining deadlocked, the trial judge assisted one of the jurors by transporting her to the hospital, where her elderly brother had been taken after he had suddenly become seriously ill. This juror later testified, under oath, that she and the judge had had no discussion whatsoever about the case at bar. The juror also testified that she had been quite distraught and that the judge decided to transport her himself because he believed he could get her to the hospital quicker than could a deputy sheriff, for whom she would have had to wait. While we cannot condone the action of the trial judge,

---

an unwise practice fraught with possibilities of inviting trouble and that the better procedure is to summon the entire jury.

which certainly provokes the appearance of impropriety, we find no abuse of discretion in his refusal to grant a mistrial. *Barrow v. State,* 235 Ga. 635 (8) (221 SE2d 416) (1975). Furthermore, as the trial judge did not give testimony as a sworn witness and as the involved juror could and did testify as to the occasion of the judge's assisting her and therefore the judge's testimony as a witness was not likely to have been needed, the judge did not err in failing to disqualify himself under the rule set out in *Collins v. State,* 141 Ga. App. 121 (232 SE2d 635) (1977). See Wingate v. Mach, 117 Fla. 104 (157 S 421) (1934).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 1, 1978 — DECIDED APRIL 11, 1978.

*Griffeth, Henry & Marshall, J. Hue Henry,* for appellant.

*Ken Stula, Solicitor,* for appellee.