A95A0104. HELTON v. THE STATE.
(458 SE2d 872)

BIRDSONG, Presiding Judge.

Timothy Helton appeals his conviction for aggravated child molestation. Helton contends the trial court erred by admitting evidence of a similar transaction because the information was gained in violation of the marital privilege contained in OCGA § 24-9-21, the transaction was not sufficiently similar under *Williams v. State*, 261 Ga. 640 (409 SE2d 649), and the State was collaterally estopped from relitigating the issue because the evidence was not admitted in an earlier trial of the case that ended in a mistrial. Helton also contends the trial court erred by not granting a mistrial after his sister-in-law testified that Helton and his wife had engaged in "threesomes" in the past; by allowing the victim's mother to explain why she thought the victim could not demonstrate the sodomy alleged with anatomically correct dolls; by allowing a State's witness to testify that she believed

the victim was telling the truth; and by refusing to charge on the lesser included offense of child molestation.

Helton was indicted for aggravated sodomy after the victim told her father, mother, and the Department of Family & Children Services (DFCS) investigator that Helton had pulled down her pants and licked her bottom. Helton's first trial ended in a mistrial after a witness's testimony exceeded limitations established by the trial court. Upon his retrial, Helton was convicted as charged, and this appeal followed. *Held*:

1. Helton's first enumeration of error concerns testimony by his wife's sister that she overheard Helton and his wife talking about the two of them engaging in some sort of sexual activity with a 15-year-old girl, including their plan to drug the teenager so that she would participate in the sex acts.

(a) Helton's contention that this testimony violated the marital privilege contained in OCGA § 24-9-21 is without merit. As neither spouse testified about matters protected by OCGA § 24-9-21, there was no violation. This Code section does not prohibit testimony about communications between spouses by someone who overheard the communication. *Knight v. State*, 114 Ga. 48 (39 SE 928). Although Helton asks us to reverse this precedent, we cannot do so because decisions of our Supreme Court are binding upon this court. The decision in *Sims v. State*, 251 Ga. 877 (311 SE2d 161), relied upon by Helton, is distinguished on its facts because that opinion concerns the psychiatrist-patient privilege and the third party was present as an integral part of the therapy.

(b) Helton's contention that the transaction concerning the teenager was not sufficiently similar under *Williams v. State*, supra at 642, is also without merit. Evidence of similar crimes has been most liberally extended in cases concerning sex crimes. *Johnson v. State*, 242 Ga. 649 (250 SE2d 394). Further, evidence concerning sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible when the accused is being tried for some form of sexual abuse of a child. *Oller v. State*, 187 Ga. App. 818, 820 (371 SE2d 455). See also *Adams v. State*, 208 Ga. App. 29, 32-34 (430 SE2d 35) (physical precedent). In this instance, we find the crimes sufficiently similar to warrant admission, notwithstanding the difference in the ages of the victims. See *Yelverton v. State*, 199 Ga. App. 41, 43 (403 SE2d 816). Consequently, we find the evidence was admissible. *Stephens v. State,* 261 Ga. 467 (405 SE2d 483); *Williams v. State*, supra.

(c) Helton's contention that the State was collaterally estopped from relitigating the trial court's ruling in his first trial which limited evidence concerning the similar transaction to testimony by his sister-

in-law is also without merit. The trial court did not err by allowing the teenage girl who was the intended victim of Helton's scheme to testify about the incident because a proceeding that ends in a mistrial does not result in a final judgment that would limit issues under the doctrine of collateral estoppel or bar another trial. 1983 Ga. Const., Art. I, Sec. I, Par. XVIII. Moreover, a trial court can modify a ruling on a motion in limine. Agnor's Georgia Evidence (2d ed.), Motion in Limine, § 8-1.1, citing *Frink v. State*, 177 Ga. App. 604 (340 SE2d 631).

2. Helton also contends the trial court erred by denying his motion for a mistrial after his sister-in-law referred to other "three-somes" involving Helton, his wife, and others. The transcript shows that the witness testified that Helton and his wife "were talking about their past, threesomes," when Helton interrupted her testimony to seek a hearing out of the presence of the jury so he could move for a mistrial because the testimony about the "threesomes" improperly placed his character in issue. After the trial court denied the motion and instructed the jury to disregard this testimony, Helton renewed his motion for a mistrial. Under the circumstances, we find no abuse of discretion, and, hence, no error. "When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. Here, the trial judge acted immediately, ruled out the offensive testimony, and properly instructed the jury not to consider the testimony in its deliberations. Under the facts of this case, we cannot say that this amounted to an abuse of discretion." (Citations omitted.) *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315).

3. We also find no merit to Helton's contention that the trial court erred by allowing the victim's mother to explain why she believed the victim could not demonstrate the act of sodomy alleged with anatomically correct dolls. Pretermitting whether it was error to allow the mother to so testify, Helton has not identified any prejudice resulting from this testimony. Therefore, we find any such error harmless beyond a reasonable doubt. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869); *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38).

4. Helton further contends the trial court erred by denying his motion for a mistrial because a State's witness, a DFCS investigator, testified she believed the victim was telling the truth. Although such opinion evidence about the credibility of a witness is generally inadmissible (see *Guest v. State*, 201 Ga. App. 506 (411 SE2d 364)), in the circumstances of this case we find no error. The question whether this witness believed the victim was first introduced by the defense during

cross-examination when the witness was asked whether she was predisposed to believe anything the victim said and why the victim's testimony that Helton licked her bottom should be believed when the child said earlier that nothing happened. On redirect, the State continued this line of questioning by asking whether the witness was predisposed to believe anything the child said and whether the witness developed her belief in the child from what the child said. At this point, Helton objected on the basis of relevancy; after the trial court overruled the objection because the defense had opened the door, Helton then moved for a mistrial because the witness testified she believed the witness. We find no error. " 'Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). Furthermore . . . whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508) (1981).' *Buxton v. State*, 253 Ga. 137 (3) (317 SE2d 538)." *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). We find no abuse of discretion.

5. Helton contends the trial court erred by refusing to charge the jury on the lesser included offense of child molestation. He contends he was entitled to such a charge because one State witness testified that the victim said that Helton merely touched her bottom. As the transcript shows that the victim, in fact, said that Helton licked her bottom, we find no factual support for this argument; the victim did not say that Helton touched her bottom. Further, defense counsel at trial conceded there was no evidence that Helton merely touched the child. Accordingly, as the evidence did not support a charge on the lesser included offense, there was no error. *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 30, 1995.

Timothy Helton, *pro se.*
*Summer & Summer, Daniel A. Summer,* for appellant.
*Lydia J. Sartain, District Attorney, Denise M. Arenth, Assistant District Attorney,* for appellee.