S02P0161. LEWIS v. THE STATE.
(565 SE2d 437)

SEARS, Presiding Justice.

A jury found Christopher Kirkprock Lewis guilty of malice murder, burglary and other offenses. The jury recommended a death sentence after finding three statutory aggravating circumstances: the murder was committed while Lewis was engaged in the commission of an aggravated battery; the murder was committed while Lewis was engaged in the commission of a burglary; and the murder was outrageously and wantonly vile, horrible and inhuman in that it involved torture, depravity of mind, and an aggravated battery to the victim before death.[1] Because the trial judge testified as a material witness during the hearings on Lewis' motion for new trial without disqualifying herself from further involvement in the case, we must reverse and remand for a new hearing on the motion for new trial.

After his conviction and sentencing, Lewis filed a motion for new trial in which he raised the issue of whether, during deliberations, the jury sent notes to the trial court that the trial court responded to without notifying defense counsel. No jury notes are included in the record on appeal. At the initial hearing on Lewis' motion for new trial, Lewis presented two jurors who testified that one and possibly two notes had been written by the foreman and sent to the judge via the bailiff during deliberations. The jurors believed that the trial court, Judge Benefield, responded to the notes in writing. The trial court recessed the hearing after Lewis' trial counsel also alleged ineffective assistance of counsel so that new counsel could be appointed to raise this issue for Lewis. When the new trial hearing reconvened, Lewis filed a motion to recuse Judge Benefield because he believed that the judge might need to testify as a witness to the purported jury communications. In April 1999, Judge Benefield recused herself

---

[1] OCGA § 17-10-30 (b) (2), (7).

with regard to the issue of alleged improper communications between the trial court and the jury.

The case was reassigned to Judge Ison, who held a hearing in January 2000. At this hearing, the State called Judge Benefield as a witness, and she testified that she received no notes from the jury during deliberations. Judge Ison found that Judge Benefield had no improper communication with the jury and was not required to recuse herself. Judge Ison then returned the case to Judge Benefield for resolution of the remaining issues raised in the motion for new trial. Thereafter, Lewis moved to disqualify Judge Benefield from further involvement in the case, citing the portion of the Code of Judicial Conduct which states that judges must disqualify themselves from proceedings in matters in which they have been a material witness.[2] Lewis also amended his motion for new trial to add the allegation that, during deliberations, there was an improper communication between the jury and an unspecified person. Judge Benefield recused herself "for the limited purpose of Judge William H. Ison concluding the hearing on the ground raised in the defendant's second amendment to his motion for new trial."

In December 2000, Judge Ison conducted another hearing in this matter. The bailiff testified that he did not recall receiving a note from the jury in this particular case, but stated that anytime he received a note from a jury, he always delivered the note to a judge or a judge's secretary. The jury foreman testified that the jury sent only one note out of the jury room, and that note concerned requested lunch items. Judge Ison found that there were no improper or illegal communications with the jury, and once again sent the case back to Judge Benefield. Lewis renewed his objection to Judge Benefield's failure to disqualify herself from further involvement in the new trial hearing, and he once again amended his motion for new trial to add this allegation. After a hearing in April 2001, Judge Benefield denied Lewis' motion for new trial "in its entirety."

On appeal, Lewis argues that it was reversible error for Judge Benefield to consider and rule on Lewis' motion for new trial after she had testified as a material witness to some of the matters contained therein. We agree. The Code of Judicial Conduct adopted by this Court in 1973 sets forth a broader rule of disqualification than does OCGA § 15-1-8.[3] The Code of Judicial Conduct, Canon 3 (E) specifies:

> (1) Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned,

---

[2] Code of Judicial Conduct, Canon 3 (E) (1) (b).
[3] *Stephens v. Stephens*, 249 Ga. 700 (2) (292 SE2d 689) (1982).

including but not limited to instances where:

(b) . . . the judge has been a material witness concerning [the matter in controversy; or]

(c) the judge . . . :

(iv) is, to the judge's knowledge, likely to be a material witness in the proceeding.

"[I]t is elementary that one may not be a witness and a judge in the same proceeding."[4] Although the judge in this case tried to partition the issues on which she was disqualified from the issues on which she did not testify, all these issues arose in the same motion for new trial proceeding. The appearance of impropriety cannot be eliminated merely by addressing these issues in a piecemeal fashion. Simply stated, if a judge testifies as a material witness with regard to an issue in a case, the remainder of the case must be heard by another judge.[5] Accordingly, the trial court in this case erred by denying Lewis' motions for recusal and disqualification.

However, this error by the trial court did not implicate Lewis' trial or his sentencing, but rather only affected proceedings on his motion for new trial. Accordingly, we reverse the trial court's ruling on Lewis' motion for new trial, and remand the case for a new hearing on the motion for new trial, to be conducted before another judge. We further direct that Lewis may amend his motion for new trial to add issues not previously raised.

*Judgment reversed and remanded with direction. All the Justices concur, except Carley, J., who concurs in judgment only.*

DECIDED MAY 13, 2002.

*Thomas M. Martin*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Thurbert E. Baker, Attorney General, Karen A. Johnson, Assistant Attorney General*, for appellee.

---

[4] *Russell v. State*, 236 Ga. App. 645 (3) (512 SE2d 913) (1999). See also *Shockley & Co. v. Morgan*, 103 Ga. 156 (3) (29 SE 694) (1897); *Collins v. State*, 141 Ga. App. 121 (2) (232 SE2d 635) (1977).

[5] See Code of Judicial Conduct, Canon 3 (E) (1) (b).