WOODALL, Justice.
The State of Alabama petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order granting a mandamus petition filed by Jeremy B. Jones and directing Mobile Circuit Judge Charles A. Graddick to re-cuse himself from presiding over Jones’s postconviction proceedings. We grant the petition and issue the writ.

I. Factual and Procedural Background

In October 2005, Judge Graddick presided over a trial in which Jones was convicted on four counts of capital murder and was sentenced to death. The jury was sequestered throughout the trial, which lasted several days. After his conviction and sentence were affirmed on appeal, Jones v. State, 43 So.3d 1258 (Ala.Crim.App.2007), Jones filed a petition for post-conviction relief pursuant to Rule 32, Ala. R.Crim. P.
In his Rule 32 petition, Jones alleged, in pertinent part, that T.E., who served as a juror at his trial, was unfit to serve on the jury on account of alcohol dependence and that T.E. had failed to answer truthfully certain questions on voir dire regarding his alcohol dependence. According to Jones, posttrial interviews revealed (1) that T.E. had told Judge Graddick during Jones’s trial that he was an alcoholic, (2) that T.E. had received permission from Judge Graddick to drink alcohol during sequestration, and (3) that Judge Graddick *352 did not inform Jones’s counsel that T.E. had requested such permission and that Judge Graddick had granted it. Jones’s petition alleged juror misconduct, as well as juror incompetence.
In conjunction with his Rule 32 petition, Jones filed a “motion to recuse Judge Graddick from presiding over his Rule 32 proceeding,” asserting as grounds Ala. Code 1975, § 12-1-12 (“No judge shall sit in any ... proceeding in which he is interested .... ”), and Canon 3.C(l)(d)(iii), Alabama Canons of Judicial Ethics (“A judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned, including but not limited to instances where ... [h]e ... [i]s ... likely to be a material witness in the proceeding.”). Jones alleged in his motion that Judge Graddick would “likely be a witness” in the Rule 32 proceedings and that “any reasonable person would doubt [his] ability to remain impartial.” (Emphasis added.) Judge Graddick denied the motion.
Jones then petitioned the Court of Criminal Appeals for a writ of mandamus “to compel ... Judge Graddick’s recusal, and to assign another Circuit Court judge to address the claims contained in [the] Rule 32 petition.” In an order, a majority of that court granted Jones’s mandamus petition and directed Judge Graddick to recuse himself. Ex parte Jones (No. CR-10-0938, June 15, 2011), — So.3d -(Ala.Crim.App.2011) (table). The State then filed this mandamus petition. See Rule 21(e)(1), Ala. R.App. P.

II. Discussion

“The issue of recusal may properly be raised in a petition for a writ of mandamus.” Ex parte Bank of America, N.A., 39 So.3d 113, 117 (Ala.2009). “A trial judge’s ruling on a motion to recuse is reviewed to determine whether the judge exceeded his or her discretion.” Ex parte George, 962 So.2d 789, 791 (Ala.2006). “ ‘The burden of proof is on the party seeking recusal.’ ” Ex parte City of Dothan Pers. Bd., 831 So.2d 1, 9 (Ala.2002) (quoting Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994)). “The standard for recusal is an objective one: whether a reasonable person knowing everything that the judge knows would have a ‘reasonable basis for questioning the judge’s impartiality.’ ” Ex parte Bryant, 682 So.2d 39, 41 (Ala.1996) (quoting Ex parte Cotton, 638 So.2d at 872).
The State contends that “no person could reasonably question Judge Grad-dick’s impartiality because he would ... not be a material witness in this case.” Petition, at 19 (emphasis added). We agree.
“In construing a Florida statute providing for the disqualification of a trial judge based on, among other grounds, the fact that the judge is a material witness, the Florida Supreme Court held that a ‘material witness’ is ‘a witness who gives testimony going to some fact affecting the merits of the cause and about which no other witness might testify.’ Wingate v. Mach, 117 Fla. 104, 157 So. 421, 422 (1934) (emphasis added). From Wingate, it follows that where the trial judge is not a material witness under this definition, there is no error in the trial court’s failure to re-cuse. Courts in other jurisdictions have adopted this view. Bresnahan v. Luby, 160 Colo. 455, 418 P.2d 171, 173 (1966) (‘Where the evidence concerning the transactions in issue may be obtained from witnesses other than the trial judge, then the trial judge is not such a material witness as to require a disqualification.’) (citing Wingate v. Mach, supra); Brown v. Bahl, 111 Pa.Super. 598, 170 A. 346, 348 (1934) (‘[W]here other witnesses were available [to testify] as *353 to the facts that [the trial judge] observed, there is no ethical or legal reason to disqualify [the judge] simply because of his knowledge.’). See also Mosley v. State, 145 Ga.App. 651, 244 S.E.2d 610 (1978) (where trial judge transported juror to hospital, the juror was available to testify as to the incident and the trial judge was not a necessary witness); State v. O’Neal, 501 So.2d 920 (La.App.), cert. denied, 505 So.2d 1139 (La.1987) (where trial judge received a letter from a co-defendant which the co-defendant, while testifying as a defense witness, admitted writing, the trial judge did not become a material witness). Cf. Coleman v. State, 194 Mont. 428, 633 P.2d 624 (1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982) (where the defendant in a post-conviction proceeding failed to demonstrate that the trial judge was the source of evidence otherwise unobtainable, the judge was not required to re-cuse himself).”
Callahan v. State, 557 So.2d 1292, 1307-08 (Ala.Crim.App.), aff'd, 557 So.2d 1311 (Ala.1989).
It is abundantly clear that Judge Grad-dick is not privy to any facts that are material to Jones’s Rule 32 petition or proceedings and that are not readily ascertainable from other sources. Specifically, the best source of information regarding T.E.’s qualifications as a juror and his conduct is T.E. himself. Indeed, we note that the State has filed in this mandamus proceeding an original affidavit from T.E. recounting his version of events that transpired at trial. We have not considered the substance of this affidavit because it was not before the Court of Criminal Appeals when it ruled on Jones’s mandamus petition. We mention it only to illustrate T.E.’s manifest availability as a witness.
Jones, however, states:
“Judge Graddick is the only person who can explain why he did not alert Mr. Jones and/or trial counsel regarding the ex parte communications and why those communications were never placed in the record. In addition, Judge Grad-dick is the only person who can explain how he interpreted Juror T.E.’s request to consume alcohol. Was Juror T.E. adamant about being able to drink? If so, did Judge Graddick consider that Juror T.E. may have a problem with alcohol? Certainly, if Judge Graddick thought that Juror T.E. may actually have a problem with alcohol, then he should have brought that fact to Mr. Jones and his counsel’s attention. Even if he did not believe Juror T.E. had a problem with alcohol, then he also should have alerted counsel of his intent to allow the jurors to consume alcoholic beverages after court adjourned each day. Contrary to the State’s position, these are evidentiary disputes to which Judge Graddick, and only Judge Grad-dick, can attest.”
Jones’s brief, at 23 (emphasis added).
It must be remembered that it is the conduct and competency of T.E., not of Judge Graddick, that is the actual subject of the claims in Jones’s Rule 32 petition. Thus, contrary to Jones’s position, Judge Graddick’s state of mind has no bearing on any issue in the Rule 32 petition. There is no allegation that Judge Graddick knows anything about T.E. other than what T.E. himself allegedly told him. Consequently, because Jones has “failed to demonstrate that the trial judge was the source of evidence otherwise unobtainable, the judge was not required to recuse himself.” Callahan, 557 So.2d at 1308.

III. Conclusion

Because Judge Graddick will not be a material witness in Jones’s Rule 32 proceedings, no “reasonable person knowing *354 everything that the judge knows would have a ‘reasonable basis for questioning the judge’s impartiality.’ ” Ex parte Bryant, 682 So.2d at 41. Thus, Judge Graddick did not exceed his discretion in denying Jones’s motion for his recusal, and the Court of Criminal Appeals erred in holding that he did.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, and MAIN, JJ., concur.
MURDOCK, J., concurs in the result.
MALONE, C.J., and WISE, J., recuse themselves.