**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 21, 2024**

# In the Court of Appeals of Georgia

A23A1504. JOHNSON v. THE STATE.

MERCIER, Chief Judge.

Following his conviction for rape, aggravated child molestation, and child molestation, Bennie Johnson filed this appeal.[1] Johnson argues that his convictions should be reversed because the trial court failed to provide a preliminary jury charge, failed to supplement the trial transcript, improperly testified as a material witness, erred in admitting other act evidence, erred in denying his motions to recuse and refused to provide him with contact information for the jurors. For the following reasons, we disagree and affirm.

---

[1] Johnson was found guilty of a second count of child molestation, but it merged with his rape conviction.

Viewed in the light most favorable to the jury's verdict, the evidence shows the following.[2] See *Decapite v. State,* 312 Ga. App. 832, 832 (720 SE2d 297) (2011). The victim reported to her mother that, when she was approximately eight years old, Johnson, her step-grandfather, made her and her brother watch pornography videos, that he touched her vagina, and that he put his penis into her vagina and anus. They reported the outcry to the police. Johnson's cell phone was searched, and naked photographs taken of a young child were found on the phone.

The victim's brother also testified that, when he was 10 years old, the victim, who was seven or eight years old, told him that Johnson had touched her private parts, and he observed Johnson having sexual intercourse with the victim. Johnson also told the victim's brother to have sex with the victim, which he did.

Johnson was originally tried in May 2021, but the trial resulted in a mistrial after the jury was declared deadlocked. Following the second trial, the jury found Johnson guilty of two counts of child molestation, one count of rape and one count of aggravated child molestation.

---

[2] Johnson does not contend that the evidence was insufficient.

1. As an initial matter, Johnson argues that the trial court "violated [his] [c]onstitutional rights" by not giving jury charges regarding the burden of proof and presumption of innocence at the beginning of trial. After the jury was selected, the jurors and the bailiffs were sworn. The trial court instructed the State to give its opening statement, but Johnson's counsel requested a sidebar that was held off the record. Following the sidebar, the trial court stated: "All right. Apparently the defense wants to be sure that this is the jury that was selected." The clerk then polled the jury to ensure the jury present was selected. After the clerk finished polling the jury, the trial court asked both parties if the group was the jury they had selected, and both agreed that it was. The trial court then instructed the State to give its opening statement. Johnson did not object.

Johnson claims that, during the sidebar, he requested that the trial court give a preliminary instruction to the jury, but the trial court refused to do so. However, the record now before this Court gives no indication that such a request was made. Furthermore, even assuming Johnson had requested a preliminary jury charge,

> there is no requirement that a trial court charge on substantive matters such as reasonable doubt and presumption of innocence prior to the presentation of evidence. We commend educating lay persons as to trial

procedures by a pre-evidentiary charge but no requirement is imposed that an instruction of this nature is mandatory. We only caution that if a charge is given it should be correct and not prejudicial.

*Decapite*, 312 Ga. App. at 834 (1) (citation and punctuation omitted). Instead, trial courts are required to instruct the jury following the parties' closing arguments. See OCGA § 5-5-24 (b).

Here, the trial court gave its jury charge, including instructions on burden of proof and presumption of innocence, after the parties gave their closing arguments. As such, Johnson's argument that the failure of the trial court to give a pre-evidence jury charge deprived him of a fair trial is without merit. See *Decapite*, 312 Ga. App. at 834 (1) ("Thus, as the trial court was not required to give preliminary instructions, it did not prejudice [the] defense in not preliminarily instructing the jury on burden of proof, presumption of innocence, and reasonable doubt."); see also *Williams v. State*, 251 Ga. 749, 806 (17) (312 SE2d 40) (1983), superseded by statute on other grounds as discussed in *Price v. State*, 269 Ga. 222 (498 SE2d 262) (1998).

2. Johnson points to the omission of sidebars and colloquies in the trial court transcript and argues that, because the court reporter failed to record the sidebar

wherein he allegedly requested that the court provide preliminary jury instructions, he is entitled to a new trial. We disagree.

As an initial matter, a trial court judge presiding over a felony trial should ensure that all testimony and proceedings are taken down, except argument of counsel. See OCGA § 17-8-5 (a) ("On the trial of all felonies the presiding judge shall have the testimony taken down and, when directed by the judge, the court reporter shall exactly and truly record or take stenographic notes of the testimony and proceedings in the case, except the argument of counsel."). It is without dispute that the sidebar in question was not transcribed.

"Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth." OCGA § 5-6-41 (f). Here, Johnson requested that the trial transcript be supplemented to include the sidebars. The trial court held a hearing, at which a lawyer for the State testified that she was not sure if preliminary jury charges were the subject of the sidebar in question. Johnson's counsel testified that she requested that the trial court give a preliminary

5

jury instruction during the sidebar, but the trial court declined to do so because Johnson had not previously asked for preliminary instructions. The trial court orally stated that it was unable to recall the substance of the sidebar at issue, issued an order stating the same, and declined to supplement the transcript.

Johnson claims that he was prejudiced by the failure to report the sidebars and colloquies because "the trial transcript does not include Appellant's objection to the Trial Court's failure to give the Preliminary Jury Instructions." Assuming Johnson made such an objection at trial, as discussed in Division 1, the trial court was not obligated to give preliminary jury charges. See *Decapite*, 312 Ga. App. at 834 (1). Therefore, even if the court reporter had taken down the sidebar, and Johnson had made a request for a preliminary jury instruction which the trial court refused, because the instructions were not mandatory Johnson cannot show error. See *Ruffin v. State*, 283 Ga. 87, 88 (6) (656 SE2d 140) (2008) (omissions in a trial transcript of portions such as voir dire, opening statements, bench conferences and polling of the jury "cannot be reversible error absent an allegation of harm resulting from the deletion") (citation and punctuation omitted); see also *Johnson v. State*, 283 Ga. App. 524, 525 (1) (642 SE2d 170) (2007) ("[T]he failure to transcribe limited portions of the trial

proceedings does not constitute reversible error, if the defendant fails to show how he was harmed or to raise any issue which this Court is unable to adequately review because of skips in the record.") (citation and punctuation omitted). Johnson has failed to show that he was harmed or prejudiced in any way by this failure to transcribe the sidebar, and as such Johnson has failed to show error. See *Ramsay v. State*, 220 Ga. App. 618, 626 (13) (469 SE2d 814) (1996).

3. In a related enumeration, Johnson argues that the trial court erred by testifying as a material witness while sitting as a judge during the motion for new trial hearing. Specifically, Johnson argues that the judge "testified" when discussing the motion to supplement the record at the motion for new trial hearing, when the judge stated: "Well, I will tell you I do not remember specifically what took place at the sidebar. . . But it is my practice because I like the preliminary jury charge, and when it is requested to me in writing from the pattern charge book, I don't recall ever not giving it[.]"

As a general matter, judges shall disqualify themselves in any proceeding where their impartiality might reasonably be questioned, such as when they are also a material witness in a proceeding. See *Lewis v. State*, 275 Ga. 194, 195-196 (1) (565

SE2d 437) (2002). However, OCGA § 5-6-41 (g) provides that where a proceeding transcript is unavailable,

> and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as referred to in subsection (e) of this Code section. In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact.

On the face of the statute, the recollection of the presiding judge may be a pivotal component underlying the reconstruction of a record.

Here, the parties did not agree that preliminary jury instructions were discussed during the sidebar at issue, and the trial judge stated at the hearing, and in a later order, that it did not recall discussing preliminary jury instructions during the sidebar. By following the statutory requirements, and stating that the judge did not recall what transpired, the trial court did not testify as a material witness. See *Anderson v. State*, 309 Ga. 618, 622 (2) (847 SE2d 572) (2020) (trial court credited prosecutor's testimony regarding contents of record based on trial court's own recollection); see

8

also *Aaron v. State*, 364 Ga. App. 170, 177 (1) (874 SE2d 169) (2022) (no error in process trial court used to reconstruct trial transcript when it compared witness testimony to the trial court's own recollection of the proceedings).

This differs markedly from *Lewis*, the lone case cited by Johnson to support his claimed error. In *Lewis*, the defendant contended that the trial judge received notes from the jury during deliberations and neglected to inform the parties. *Lewis*, 275 Ga. at 194 (1). After initially recusing herself with regards to this issue, the trial judge later had to testify that she received no notes at the motion for new trial hearing conducted by a different judge. Id. at 195 (1). This second judge ruled that there had been no improper communication and, as such, the original trial judge did not have to recuse herself and could decide the merits of the pending motion for new trial. Id. On appeal, our Supreme Court held that it was reversible error for the trial court judge "to consider and rule on Lewis' motion for new trial after she had testified as a material witness to some of the matters contained therein." Id. Here, unlike *Lewis*, the trial judge followed the statutory requirements set forth in OCGA § 5-6-41 (g) in order to supplement the record and did not testify as a material witness. This error is meritless.

4. Johnson claims that the trial court erred by admitting similar transaction evidence after the trial judge who presided over the first trial ruled that the State could not introduce the evidence. Because Johnson objected to the admission of the other act evidence, we review the trial court's decision to admit it for abuse of discretion. See *Mitchell v. State*, 317 Ga. 107, 110 (1) (891 SE2d 915) (2023).

Prior to the first trial, the State filed a notice to introduce evidence of other acts. The trial court held a hearing, and while the transcript of that hearing is not in the record, the trial court noted that the other act witness, S. R., did not testify at the hearing and held that "the State did not establish that there was evidence in transaction #2 that Defendant did touch the vagina of [S. R.]."

The first trial ended in a mistrial, and the second trial began under a different trial judge. Prior to the jury being sworn, the State requested that the trial court reconsider excluding the other acts evidence involving S. R. The trial court allowed the State to call S. R., who testified that Johnson was her stepfather, and beginning when she was seven years old, he would place her on the sink and penetrate her with his penis. Following S. R.'s testimony, the trial court concluded that the evidence was admissible and provided a limiting instruction to the jury prior to her testimony.

Johnson does not contend that the evidence was inadmissible due to prejudice or temporal remoteness. Instead, he argues that the trial court should not have admitted the evidence after the first trial court ruled the State could not introduce the evidence. However, "a court retains broad discretion over interlocutory evidentiary rulings which may be modified at any time until entry of final judgment." *Ritter v. State*, 272 Ga. 551, 553 (2) (532 SE2d 692) (2000). A trial court may "reopen rulings previously entered during the same term of court or, as in this case, carried over from a previous term of court where the matter was not finally resolved, and where there has been no adjudication of the issue by an appellate court." Id. (footnote omitted). Moreover, following a mistrial, a trial court may reopen prior discovery rulings. *Helton v. State*, 217 Ga. App. 691, 693 (1) (c) (458 SE2d 872) (1995). The trial court did not abuse its discretion in admitting the other acts evidence.

5. Johnson argues that the trial court erred by denying his two motions to recuse the trial court judge. In his first motion to recuse, Johnson argued that the judge was partial to the State due to a prior working relationship with one of the attorneys prosecuting the case. In the second motion, Johnson argued that, because the trial court "testified" at the motion for new trial hearing, the judge should have

11

disqualified himself from presiding over the proceeding. These arguments are meritless.

A motion to recuse must be filed within "five (5) days after the affiant first learned of the alleged grounds for disqualification and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification," absent a showing of good cause. USCR 25.1. The motion must include "accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded." Id. Once the motion and affidavit are filed with the trial judge whose recusal is sought, "that judge must make three threshold determinations regarding the legal sufficiency of the motion: whether it was timely filed; whether the affidavit made in support of it is legally sufficient; and whether, if some or all of the facts set forth in the affidavit are true, recusal would be authorized." See *Henderson v. State*, 295 Ga. 333, 334 (1) (759 SE2d 827) (2014) (citations and punctuation omitted). If the motion and affidavit satisfy all three conditions, the trial court must refer the motion to "another judge . . . to hear the motion to recuse." USCR 25.3. However, '[i]f any one of the conditions is not met, the trial court does not err in denying the motion." *Daker v. State*, 300 Ga. 74, 78 (3) (792 SE2d 382) (2016). Further, "[i]t is also a well-settled rule *that it is as*

*much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient* as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge." *Baptiste v. State*, 229 Ga. App. 691, 695 (1) n.3 (494 SE2d 530) (1997) (citation and punctuation omitted, emphasis in original). We review whether the threshold requirements are met under the de novo standard. See *Henderson*, 295 Ga. at 335 (1) (c).

(a) In his initial motion to recuse, Johnson states that, during the jury's deliberation, Patricia Hull, one of the two attorneys prosecuting the case for the State, stated that she "worked for" the trial court judge. "Judges shall disqualify themselves in any proceeding in which their *impartiality* might reasonably be questioned[.]" Code of Judicial Conduct 2.11 (A) (emphasis in original). "The alleged bias of the judge must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." *Baptiste*, 229 Ga. App. at 697 (1) (citation and punctuation omitted). "Any analysis of the necessity for recusal is necessarily fact-bound, requiring an examination of the nature and extent of any business, personal, social or political associations, and an exercise of judgment concerning just

how close and how extensive (and how recent) these associations are or have been to mandate recusal." Id. at 694 (1) (citation and punctuation omitted).

The only assertion regarding alleged bias put forth by Johnson is that one of the two attorneys who represented the State "worked for" the trial court judge. Johnson failed to include any additional information regarding a potential bias. See USCR 25.1 (A motion to recuse and affidavit must "fully assert the facts upon which the motion is founded."). Moreover, Johnson's mere allegation of a prior working relationship, even if true, would not require the judge's recusal, and therefore, the judge was not required to refer the motion to another judge for a hearing. See *Post v. State,* 298 Ga. 241, 248 (2) (d) (779 SE2d 624) (2015) (the fact that the trial judge previously worked for the district attorneys office when the office was handling the defendant's case was, without more, legally insufficient to require the judge to refer the recusal motion for reassignment).

Johnson also claims that the trial court judge showed bias by admitting the other act evidence discussed in Division 4, and because the trial court allowed a certain witness to testify as an expert. "However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Barnett v. State*, 300 Ga. 551,

555 (2) (769 SE2d 653) (2017) (citation and punctuation omitted). As discussed in Division 4, the trial court did not err in admitting the other act evidence, and Johnson did not object to the witness being qualified as an expert. This claim fails.

(b) Johnson claims that the trial court erred in denying his second motion to recuse, arguing that the trial court "erred in sitting as Judge and testifying as a witness in the Motion for New Trial." As discussed in Division 3, the judge was following the statutory requirements of OCGA § 5-6-41 (g), which is not grounds for recusal.

6. Finally, Johnson argues that the trial court erred by denying his emergency motion for release of the jurors' personal information. Johnson claims that a courthouse surveillance video depicted what he believed to be the trial court judge and a male juror having "alleged undisclosed contact" following the end of a trial day, and he sought the juror's contact information to determine the nature of the contact, pursuant to OCGA § 15-12-11.[3]

---

[3] This statute provides, in pertinent part,:

(b) Prospective trial and grand jurors in all counties may be required to answer written questionnaires, as may be determined and submitted by the judges of such counties, concerning their qualifications as jurors. In

The trial court held a hearing on Johnson's motion, wherein Johnson's counsel stated "that any contact that we make would be really to serve this person with a subpoena to appear for the motion for new trial hearing and they will be in person and under subpoena." After discussing with the parties possible ways to question the male jurors, the trial court proposed issuing subpoenas for all male jurors and holding a hearing to question the jurors. Johnson consented to the procedure.

---

propounding the court's questions, the court may consider the suggestions of counsel. In the court's questionnaire and during voir dire examination, judges should ensure that the privacy of prospective jurors is reasonably protected and that the questioning by counsel is consistent with the purpose of the voir dire process.

(c) Juror questionnaires shall be confidential and shall be exempt from public disclosure pursuant to Article 4 of Chapter 18 of Title 50; provided, however, that jury questionnaires shall be provided to the court and to the parties at any stage of the proceedings, including pretrial, trial, appellate, or postconviction proceedings, and shall be made a part of the record under seal. The information disclosed to a party pursuant to this subsection shall only be used by the parties for purposes of pursuing a claim, defense, or other issue in the case.

OCGA § 15-12-11.

Before the jurors were called into the hearing, the trial court proposed showing the surveillance video to the jurors, asking each male juror if they were the person in the videotape, and if none of the jurors were shown in the videotape that would be the end of the inquiry. Johnson's counsel agreed. Thereafter, the jurors were shown the surveillance video, and all of the male jurors testified that it was not them. Johnson never objected to the procedure, nor did he request to individually question the jurors or contend that the jurors should be questioned further. At the end of questioning, the trial court says "I believe that completes the inquiry; does it not?," and Johnson's counsel stated "I have nothing."

However, three days later Johnson filed a "renewed motion" to release jurors' questionnaires containing contact information. The trial court denied the motion.

Johnson expressly agreed to the trial court's proposed procedure to question the jurors, and at no point did Johnson request to ask the jurors questions, object to the procedure, or contend that he needed the jurors' contact information to do anything other than what the trial court did during the hearing. He cannot now complain about the trial court's procedure and the ruling denying his motion. See

*Mitchell v. State*, 282 Ga. 416, 419 (5) (a)-(b) (651 SE2d 49) (2007) (party cannot complain of ruling his own conduct aided in causing).

*Judgment affirmed. Miller, P. J., and Hodges, J., concur.*